## Case No. 16,811.

### VALE v. PHOENIX INS. CO.

[1 Wash. C. C. 283.] 1

Circuit Court, D. Pennsylvania. April Term, 1805.

INSURANCE—VALIDITY OF POLICY—CONCEALMENT OF RISKS.

1. In contracts of insurance, good faith, a fair, open, and candid conduct in both parties, is essential. Every material circumstance of the risk, should be communicated to the underwriter.

2. A concealment of facts, material to the risk, and within the knowledge of the insured, and which the insurer is not bound to know, vitiates the policy.

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

This was an insurance on goods, at and from Norfolk to Newbern, in North Carolina. When the captain left the bay, and after he got out at the capes of Virginia, the wind blew very hard. Captain Kenris, in a vessel destined for Newbern, left Norfolk three days later, being afraid of the weather; and when he arrived at Newbern, the unsound vessel had not arrived. The plaintiff endeavoured to get his goods insured at the Newbern office, but in consequence of the report brought by Kenris, of the vessel in question having left Norfolk before him, in bad weather, they refused to take the risk: apprehensions were pretty generally entertained, in Newbern, that a vessel was lost. The plaintiff knew that the cause of the refusal of the office to insure, was founded on those apprehensions. He wrote to his agent, in Philadelphia, to effect an insurance there; but mentioned nothing of the above circumstances. It was not perfectly clear, whether this information was received by plaintiff, at the time he wrote his letter, on the second of the month; but there was very strong ground to suppose he did then possess it, or on the fourth, when the letter was postmarked at Newbern.

WASHINGTON, Circuit Justice (charging jury). In contracts of insurance, good faith, a fair, open, and candid conduct, on the side of both parties, is essential. The underwriter is never supposed to know of the particular circumstances attending the property insured, other than is disclosed to him by the assured; taking the risk which the assured is unwilling to bear. He ought to have every means of estimating its extent, in the power of the assured to give; because, as he consents to run the risk for a stipulated consideration, and since the amount of the consideration is a matter of calculation, which must depend upon the degree of danger, he does not stand upon equal or fair ground with the other contracting party; unless he is equally informed of facts within the private knowledge of that party, which may be material to the risk. The rule therefore is clearly settled, that a concealment of facts material to the risk, and within the knowledge of the insured, and which the insurer is not bound to know, vitiates the policy. The first question then is, were the facts related by Captain Kenris, material to the risk? Would a missing ship, under the circumstances of this vessel, be insured at the same premium, with one exposed only to the common hazards of such a voyage? If you answer this affirmatively, the next question is, were these facts known to the plaintiff? I do not mean, is a knowledge of them brought home clearly to the plaintiff; but are you satisfied upon the evidence, that he must have heard of them before he wrote his letter, or before it left Newbern. He did not write for some days after the arrival of Kenris. The report he brought, and the apprehensions it occasioned in this small town, were general. It had got

to the ears of the new insurance office, and determined that conduct, and this was known to the plaintiff. There is strong ground to suspect, from the evidence, that he knew all this before his letter was sent off. Of this, however, you must judge; and, if you are of opinion that he did know it, and that the facts were material to the risk, your verdict ought to be for the defendants.

The jury found for the defendants.