# FAYOLLE *v.* TEXAS AND PACIFIC RAILROAD COMPANY.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Submitted January 30, 1888. — Decided February 6, 1888.

This appeal having become inoperative through failure to docket the case here at the return term, and the excuse presented not being sufficient to give the appellants the benefit of the exceptions recognized in *Grigsby* v. *Purcell*, 99 U. S. 505, the court dismisses it.

THE following motion to dismiss was made in the cause:
"The appellee in the above entitled cause, by W. D. Davidge and William H. Trescott, its solicitors, appearing specially for the motion, now moves the court to dismiss the said cause for the want of jurisdiction, because,

"*First.* The transcript of the record was not filed in this court, and the cause docketed at the term next after the appeal was prayed and allowed.

"*Second.* No citation was issued.

"W. D. Davidge,

"William H. Trescot,

'"*Solicitors for Appellee.*

"The decree appealed from bears date November 12, 1883. On the same day the appeal was prayed in open court and allowed. The transcript of the record was filed, and the cause docketed in this court, January 17, 1887, more than three years after the appeal was prayed and allowed. The term of this court next after the allowance of the appeal, and to which the appeal was returnable, ended May 4, 1885, when the court adjourned. The appeal then became *functus officio* and of no avail."

The following affidavit was filed by the appellant in answer to the motion:

"Answer of the Appellants to the Motion.

"*Affidavit.*

"United States of America, } ss. :
    *District of Columbia,*        }

"James Coleman, being duly sworn, doth depose and say:

"That he was formerly of the firm of Carpenter & Coleman, consisting of Hon. Matt. H. Carpenter and himself, doing business in the city of Washington.

"That this deponent is informed and believes, that the said Matt. H. Carpenter was retained in the above entitled cause prior to such partnership. That he, the said Senator Carpenter, filed the bill in equity herein, and to the time of his death, in February, 1881, had the exclusive care, and management and control of the said cause.

"This deponent further says, that subsequent to the death of Senator Carpenter he was requested to take the appeal from

the order sustaining the demurrer in said cause to the Supreme Court of the United States. That he was not retained in said cause further than as aforesaid, and was requested to and did perfect said appeal more for the reason that it was unfinished business left by Senator Carpenter, at the time of his death, than any other.

" This deponent further says, that in perfecting said appeal in the clerk's office of the district court, he found that many of the papers necessary to complete the transcript of the record in the cause had been lost or mislaid and could not be found. That finally he was enabled to perfect said appeal by substituting for the lost papers others which were furnished him to enable him to perfect said appeal by the counsel for the defence, so that said appeal was perfected and the transcript of the record in the said cause ready to be filed in the Supreme Court on the 24th day of March, A.D. 1885.

" That at the time aforesaid this deponent had an office in Wisconsin, and was then remaining in Washington, mainly for the purpose of closing up the business of the said firm of Carpenter & Coleman.

" That after he had procured said appeal to be perfected as aforesaid, the deputy clerk of the said district court agreed with this deponent that he, the said clerk, would take the said record and file the same with the clerk of the Supreme Court, and this deponent, relying upon said agreement, left the same with him for that purpose, as he was then expecting to leave the city for Wisconsin, where deponent then resided.

" This deponent further says, that his name appears on the docket of this court as Attorney of Record in said cause, and he may have entered an appearance therein, but that if so, it was merely formal, as what he did in said cause was without fee or compensation; and that he, at the time he was requested to take said appeal, understood that it was the intention of the complainants to retain other counsel in the case who were familiar with the same. That as deponent was informed and believes, Hon. Jeremiah S. Black was counsel in said cause after Senator Carpenter's death, and remained such down to the time of the death of the said Jeremiah S. Black, which

this deponent is informed and believes occurred in the month of      A.D. 1883.

                     · "J. COLEMAN.

"Sworn and subscribed before me January 24, 1888.

    "[L. S.]                    A. S. TAYLOR, *Notary Public*."

*Mr. Walter D. Davidge* and *Mr. William H. Trescot* for the motion.

*Mr. W. D. Shipman* opposing.

It is proper to state at the outset that the present counsel for the appellants had no connection with or knowledge of this case till November 9th, 1887, when they were retained by the appellants by letter from France, where all the appellants, except one, reside. We have been and are still ignorant of the address of the single appellee, who resides in Vermont. We have not the slightest reason to suppose that any of the appellants were or even now are aware of the alleged defect.

After diligent inquiry we have been unable to obtain any definite facts in regard to the appeal, except those contained in the foregoing affidavit.

From that it appears that, notwithstanding the death of two counsels of the appellees, and the loss of the papers from the files of the court below, the appeal, which had been prayed and allowed in open court, and the required bond given, was perfected March 24, 1885; it was then ready to be filed in this court, and was left with the clerk of the court below for that purpose. In due course it should have been filed on or before this court adjourned, which was May 4, 1885, the end of the term to which the appeal was properly returnable.

But the transcript does not appear to have reached the clerk's office of this court till June 12, 1885, a month and more after the close of the foregoing term.

I. It, of course, must be conceded, under the repeated decisions of this court, that if the delay to transmit the record on or before May 4, 1885, is chargeable as laches to the appellants, then their appeal must be dismissed.

. But, as their appeal was prayed out in open court, and al-

lowed, their bond filed, the transcript of the record completed and left with the clerk below in time, with the understanding that he was to send it up, we submit that his omission to do so ought not to be charged to the appellants as laches under the circumstances. We do not understand this to be a mere question of jurisdiction. *Grigsby* v. *Purcell*, 99 U. S. 505, 507.

II. As to the absence of a citation. This appeal having been prayed for and allowed in open court, the appellee had notice, and no citation was necessary. The object of the citation is to give notice of the appeal to the appellees. *Dodge* v. *Knowles*, 114 U. S. 430, 438. Not only was the appeal taken in open court notice, but as late as March, 1885, the prosecution of the appeal was brought to the notice of appellees' counsel, when he courteously stipulated that a copy of a large part of the record might be substituted for the original, which had been lost. This stipulation forms part of the record, and is prefixed to the bill in the transcript.

We submit, therefore, that the want of a citation furnishes no support to this motion.

Mr. Chief Justice Waite delivered the opinion of the court.

This motion is granted. The decree was rendered November 12, 1883. An appeal was taken at the same time in open court returnable to our October Term, 1884, which ended May 4, 1885, but it was not docketed here until January 17, 1886. That was too late, as the appeal had become inoperative through the failure of the appellants to docket the case here at the return term. *Grigsby* v. *Purcell*, 99 U. S. 505, and cases there cited; *Killian* v. *Clark*, 111 U. S. 784; *Caillot* v. *Deetken*, 113 U. S. 215. The excuse presented for the failure to docket in time is not sufficient to give the appellants the benefit of any exception to this rule which was recognized in *Grigsby* v. *Purcell*, p. 507. Neither does the case come within that of *Edwards* v. *United States*, 102 U. S. 575, because the transcript of the record was not lodged in the office of the clerk of this court until after the return term of the appeal, and no attempt was made to get it upon the docket until another term had passed and still another had begun.

*Dismissed.*