### WAUTON *v.* DeWOLF.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF CALIFORNIA.

No. 1450.   Submitted December 7, 1891. — Decided December 21, 1891.

This court has no jurisdiction over an appeal from a Circuit Court taken July 27, 1891, from a decree entered July 7, 1890, in a case where the jurisdiction of that court depended upon the diverse citizenship of the parties.

THIS was a motion to vacate an order docketing and dismissing this case, made on the 3d of last November, on the motion of appellees' counsel, and for leave to the appellant to docket the case and file the record.   The case is stated in the opinion.

*Mr. W. Hallett Phillips* for the motion.

*Mr. A. B. Browne* (with whom was *Mr. A. T. Britton*) opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This cause was docketed and dismissed November 3, 1891, upon a certificate of the clerk of the Circuit Court of the United States of the Ninth Judicial Circuit in and for the Northern District of California, to the effect that in a certain cause pending in that court, wherein Florence W. Wauton was complainant and Frank E. DeWolf, Isabella C. DeWolf, and Horace M. Barnes were defendants, a final decree was rendered on the 7th of July, A.D. 1890, in favor of defendants and against the complainant, and that on the 29th of September, 1890, complainant prayed an appeal to the Supreme Court of the United States, which was allowed. A motion is now made to set aside the order of dismissal and for leave to docket the case and file the record.

The transcript submitted with the motion shows that, as stated in the certificate, the decree of the Circuit Court was entered July 7, 1890, and an appeal was allowed September 29, 1890, but nothing was done, and the case was not docketed here at the October term, 1890. On July 27, 1891, a bond on appeal was presented to and approved by the Circuit Judge, who on the same day signed a citation returnable to this court on September 19, 1891.

When the term elapsed at which the appeal of September 29, 1890, was returnable, without the filing of the record, that appeal had spent its force, *Evans* v. *State Bank*, 134 U. S. 330, and appellees caused the case to be docketed and dismissed as above stated.

Conceding that the approval of the bond, July 27, 1891, and the signing of the citation, were equivalent to the allowance of a second appeal, returnable to the present term, the transcript of record was not filed on or before the return day, nor delivered to our clerk until November 18, 1891 ; and the sole excuse for this delay which appellant presents, is that it was supposed that the clerk of the Circuit Court would transmit the transcript

when it was completed. It appears from the record that the suit involves land situated in California, and was commenced in the state court against the defendants who were citizens of Rhode Island and New York, and after summons by publication, was removed on their application to the Circuit Court. The ground of Federal jurisdiction was diverse citizenship.

By the act of March 3, 1891, (26 Stat. 826, c. 517,) establishing the Circuit Courts of Appeals, the jurisdiction of this court, in cases dependent upon diverse citizenship, was taken away; but by the joint resolution of March 3, 1891, (26 Stat. 1115,) the jurisdiction was preserved as to pending cases and cases wherein the writ of error or appeal should be sued out or taken before July 1, 1891.

So far then as this second and independent appeal is concerned, it came too late, and as, if the case were now docketed under that appeal, it would have to be dismissed for want of jurisdiction, we are, without passing upon the question of laches, compelled to deny the motion.

*Motion denied.*