# CINCINNATI SAFE AND LOCK COMPANY *v.* GRAND RAPIDS SAFETY DEPOSIT COMPANY.

**ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.**

No. 872. Submitted October 17, 1892. — Decided October 31, 1892.

The judgment in the court below in this case was rendered April 25, 1891. On the 19th of June, 1891, an entry was made of record that the court "allows a writ of error to the Supreme Court of the United States, with stay of execution, upon the filing of a supersedeas bond." Such bond was filed and approved June 20, 1891. The jurisdiction of this court in cases dependent upon diverse citizenship was taken away March 3, 1891, except as to pending cases and cases wherein the writ of error or appeal should be sued out or taken before July 1, 1891. In this case the petition for the writ and the assignment of errors were filed in the court below July 3, 1891, and the writ bore test on that day. On motion to dismiss for want of jurisdiction, *Held*, that the writ was not sued out or taken before July 1, 1891, and that it must be dismissed.

THIS was a motion to dismiss for want of jurisdiction, as the jurisdiction of the court below depended solely upon the diverse citizenship of the parties, and the writ of error was not sued out until July 3, 1891. By the act of March 3, 1891, (26 Stat. 826, c. 517,) establishing the Circuit Courts of Appeals, the jurisdiction of the court, in cases dependent upon diverse citizenship, was taken away ; but by the joint resolution of March 3, 1891, (26 Stat. 1115,) the jurisdiction was preserved as to pending cases, and cases wherein the writ of error or appeal should be sued out or taken before July 1, 1891. The language of the joint resolution of March 3, 1891, (26 Stat. 1115,) is as follows : "And be it further resolved : That nothing in said act shall be held or construed in any wise to impair the jurisdiction of the Supreme Court or any Circuit Court of the United States in any case now pending before it, or in respect of any case wherein the writ of error or the appeal shall have been sued out or taken to any of said courts before the first day of July, anno Domini eighteen hundred and ninety-one."

The plaintiffs in error, in reply to the motion said that that part of the record which had been printed showed that an entry was made on the 19th of June, 1891, allowing the bill of exceptions presented by the plaintiffs in error, and also the writ of error to this court with stay of execution upon the filing of a supersedeas bond, and that a supersedeas bond was filed on the 20th day of June, 1891, which was duly approved. They contended, on the authority of *Draper* v. *Davis*, 102 U. S. 370, that the allowance of the writ of error and the filing of the supersedeas bond transferred the jurisdiction of the suit to this court.

*Mr. Charles B. Wilby* and *Mr. Gustavus H. Wald* for the motion.

*Mr. John F. Follett* and *Mr. T. H. Kelley*, opposing.

THE CHIEF JUSTICE: Judgment was rendered in this case by the Circuit Court of the United States for the Southern District of Ohio on April 25, 1891. An entry was made of record, June 19, 1891, that the court " allows a writ of error to the Supreme Court of the United States, with stay of execution, upon the filing of a supersedeas bond," as described, and such a bond was filed and approved June 20, 1891. A petition for the allowance of the writ of error and an assignment of errors were filed in the clerk's office of the Circuit Court, July 3, 1891, and the writ of error bears test and was filed in that office on that day, and a citation to the adverse party signed and served.

The motion to dismiss must be sustained upon the authority of *Wauton* v. *De Wolf*, 142 U. S. 138; *Brooks* v. *Norris*, 11 How. 204; *Credit Co.* v. *Arkansas Central Railway Co.*, 128 U. S. 258, and cases cited.

*Writ of error dismissed.*