SCOTT v. HAMNER. WAPLES–PLATTER CO. et al. v. TURNER. MIL-
LER v. CHOCTAW, O. & G. RY. CO. LONG–BELL LUM-
BER CO. v. THOMAS et al.

(Circuit Court of Appeals, Eighth Circuit. February 3, 1896.)

Nos. 622, 643, 654, 693.

CIRCUIT COURT OF APPEALS—JURISDICTION—UNITED STATES COURT IN THE IN-
DIAN TERRITORY.
The act of March 1, 1895 (28 Stat. 695, c. 145), creating a court of ap-
peals for the Indian Territory, deprived the circuit court of appeals for the
Eighth circuit of the power to entertain writs of error and appeals from
the United States court in the Indian Territory, and writs of error to said
circuit court of appeals allowed by the United States court in the Indian
Territory after March 1, 1895, must be dismissed.

In Error to the United States Court in the Indian Territory.

William T. Hutchings (Richard B. Shepard and Harrison O. Shep-
ard were with him on the brief), for plaintiff in error John S. Scott.

A. G. Moseley (S. S. Fears was with him on the brief), for plaintiffs
in error Waples-Platter Company, C. H. Low, and J. S. Hancock.

N. B. Maxey (S. S. Fears was with him on the brief), for plaintiff
in error John T. Miller.

W. R. Cowley filed brief for plaintiff in error Long-Bell Lumber Co.

N. B. Maxey (G. B. Denison was with him on the brief), for defend-
ant in error James B. Hamner.

William T. Hutchings, for defendant in error Clarence W. Turner.

J. W. McLoud, for defendant in error Choctaw, O. & G. Ry. Co.

E. J. Fannin filed brief for defendants in error J. J. Thomas and
D. J. Thomas.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. In these cases writs of error were not
allowed by the United States court in the Indian Territory until after
March 1, 1895, when an act entitled "An act to provide for the ap-
pointment of additional judges of the United States court in the In-
dian Territory and for other purposes" (28 Stat. 695, c. 145) took effect.
The necessary operation of section 11 of that act was to deprive this
court, from and after March 1, 1895, of the power to entertain writs
of error and appeals to review judgments and decrees of the United
States court in the Indian Territory, which power was originally con-
ferred on this court by section 13 of the act establishing circuit courts
of appeals. 26 Stat. 826, c. 517. Section 11 of the act of March 1,
1895, vested the court of appeals of the Indian Territory with appel-
late jurisdiction over the United States courts in the Indian Terri-
tory, in the following language:

"Said court shall have such jurisdiction and powers in said Indian Territory
and such general superintending control over the courts thereof as is conferred
upon the supreme court of Arkansas over the courts thereof by the laws of
said state, as provided by chapter 40 of Mansfield's Digest of the Laws of
Arkansas, and the provisions of said chapter, so far as they relate to the juris-
diction and powers of said supreme court of Arkansas as to appeals and writs
of error, and as to the trial and decision of causes, so far as they are applicable,

shall be, and are hereby, extended over and put in force in the Indian Terri-
tory; * * *. Writs of error and appeals from the final decision of said
appellate court shall be allowed and may be taken to the circuit court of ap-
peals for the Eighth judicial circuit in the same manner and under the same
regulations as appeals are taken from the circuit courts of the United States."

The provision found in the act of March 1, 1895, last quoted, nec-
essarily deprives this court of the appellate jurisdiction heretofore ex-
ercised over the United States court in the Indian Territory by virtue
of section 13 of the act of March 3, 1891; and as the writs of error in
the above-entitled cases were allowed after the act of March 1, 1895,
had taken effect, it follows that they were improperly sued out, and
that this court has no power to entertain the same. Railroad Co. v.
Grant, 98 U. S. 398, and cases there cited; Cincinnati Safe & Lock
Co. v. Grand Rapids Safety-Deposit Co., 146 U. S. 54, 13 Sup. Ct. 13.
The several writs of error are therefore dismissed.