CHARLES W. RUSH, AS EXECUTOR OF JOHN L. RUSH, DE-
CEASED, PLAINTIFF IN ERROR, VS. W. E. CONNER, DEFEN-
DANT IN ERROR.

Appellate Practice—Laches in Filing Transcript of Record—
Dismissal.

> When the plaintiff in error fails to file the transcript of rec-
> ord within the term of the appellate court to which his
> writ of error is made returnable, and it appears that such
> failure is attributable to the laches of the plaintiff in error,
> the writ of error will be dismissed at the cost of plaintiff
> in error.

Writ of Error to the Circuit Court for Volusia County.

Dismissed for failure to file transcript during the term
of the court to which the writ was returnable.

*A. W. Cockrell & Son,* for motion;

Isaac A. Stewart (with whom was Egford Bly on the
brief) and J. B. Whitfield, contra.

PER CURIAM.

The writ of error in this cause was issued on May 12th,
1897, returnable to the nineteenth day of June following,
a day within the June term, 1897, of this court. The
transcript of record therein was not filed until the elev-
enth day of January, 1898, after the close of said June
term, 1897. The defendant in error moved on January 24th,
1898, to dismiss the writ of error on the ground, among
others, that the transcript of the record was not filed on

the return day of the writ of error, nor within the term of this court to which such writ was made returnable. The court is satisfied that no laches is attributable to the plaintiff in error or his counsel for failure to make up and file such transcript prior to and up to the thirtieth day of October, 1897, on which day the bills of exceptions in the case were, without laches of the plaintiff in error, settled and signed by the Circuit Judge, but it appears that the written directions to the clerk for making up the transcript required him to commence making up such transcript on the twenty-second day of November, 1897, and no sufficient showing has been made as to why the said transcript—containing but fifty-eight pages of type-written matter—was not and could not have been perfected and filed during the forty-nine days that remained of the said June term, 1897, of this court subsequent to the said twenty-second day of November, 1897, from which we conclude that laches is chargeable to the plaintiff in error for failure to file such transcript within the term of this court to which his writ of error was made returnable, and it is, therefore, ordered that the writ of error in said cause be, and the same is hereby, dismissed at the cost of the plaintiff in error. Grigsby v. Purcell, 99 U. S. 505; Fayolle v. Texas & P. R. Co., 124 U. S. 519, 8 Sup. Ct. Rep. 588.