KENTUCKY COAL, TIMBER, OIL & LAND CO. v. HOWES et al.

(Circuit Court of Appeals, Sixth Circuit. March 21, 1907.)

No. 1,631.

**1. WRIT OF ERROR—TIME FOR BRINGING.**

While a motion for new trial seasonably filed in an action at law in a Circuit Court prevents the judgment from becoming final until it is disposed of, time given for the allowance of a bill of exceptions has no such effect and cannot enlarge the time within which a writ of error must be brought, which, where the writ is returnable to the Circuit Court of Appeals, is limited to six months from the date of the final judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1889–1896.]

**2. SAME—WHEN "BROUGHT."**

A writ of error is not "brought" within the meaning of Rev. St. § 1008 [U. S. Comp. St. 1901, p. 715], until the writ is actually filed or lodged with the clerk of the court which rendered the judgment sought to be reviewed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1918.]

**3. SAME—ORDER ALLOWING WRIT—CONDITION.**

An order allowing a writ of error conditioned on the giving of a bond by the plaintiff in error is ineffective until the condition is complied with.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1915.]

**4. SAME—ISSUANCE—DUTY OF CLERK.**

A writ of error must be served, and such service is made by depositing it with the clerk of the court which rendered the judgment. While the clerk of a Circuit Court may issue a writ of error to that court, under the statute, as well as the clerk of the appellate court, upon an order allowing the same, it is not his duty to do so unless requested, but it is the duty of the plaintiff in error to apply for the writ and to deposit it for filing when issued.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 2105–2113.]

In Error to the Circuit Court of the United States for the Eastern District of Kentucky.

On motion to dismiss writ of error.

D. W. Steele, Jr., for plaintiff in error.

C. B. Wheeler and E. W. Hager, for defendants in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This cause is now heard upon a motion to dismiss this writ of error, because not "brought" within the limitation of six months, prescribed by section 11 of the Court of Appeals act (Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 553]), after the date of the final judgment.

The judgment sought to be reviewed was rendered May 27, 1905. A motion for a new trial was not denied until September 5, 1905. This motion, having been seasonably entered, prevented the judgment from becoming final until disposed of. In re McCall, 145 Fed. 898, 76 C. C. A. 430; Aspen Mining Co. v. Billings, 150 U. S. 31, 14 Sup. Ct.

4, 37 L. Ed. 986. But no writ of error was filed with the clerk of the court until May 7, 1906, which was more than six months after the judgment became final. That the Circuit Court, from time to time, after the judgment became final, enlarged the time for filing a bill of exceptions, did not prevent the running of the time limit within which the writ might be "brought."

A pending application for a rehearing in an equity cause, or a new trial in an action at law, does suspend the time within which an appeal may be "taken" or a writ of error "brought" because neither the decree nor the judgment can be final until the motion is disposed of, and the time limit does not begin to run until the decree or judgment is final. But the allowance of a bill of exceptions has no effect upon the finality of a judgment and an enlargement of the time for filing cannot therefore affect the time limit for bringing a writ of error. But it is said that a petition for a writ of error was filed together with an assignment of error on October 24, 1905, and a journal entry made allowing the writ "upon the plaintiffs giving bond in the sum of $500.00." There is nothing in the transcript to indicate that this was ever prosecuted by giving the bond upon which the allowance of the writ was conditioned, or if so, that it was ever given within the time within which the writ must be brought. But, however this may be, no writ of error was ever filed with the clerk of the court until May 7, 1906, and this seems to have been issued because upon that day there was a second allowance of a writ of error by one of the judges of the court. A writ of error is not "brought," to use the verbiage of section 1008, Rev. St. [U. S. Comp. St. 1901, p. 715], within the legal meaning of the term until the writ is actually filed or lodged with the clerk of the court which rendered the judgment sought to be reviewed. "It is the filing of the writ," said Chief Justice Taney, in Brooks v. Morris, 11 How. 203, 207, 13 L. Ed. 665, "that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly. The day upon which the writ may have been issued by the clerk, or the day on which it is tested, are not material in deciding the question." This case has been many times followed. Mussina v. Cavazos, 6 Wall. 355, 18 L. Ed. 810; Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. 877, 27 L. Ed. 824; Polleys v. Black River Co., 113 U. S. 81, 5 Sup. Ct. 369, 28 L. Ed. 938; Mutual Life Co. v. Phinney, 178 U. S. 327, 335, 20 Sup. Ct. 906, 44 L. Ed. 1088. The principle applicable to writs of error applies also to appeals. Credit Co. v. Arkansas, etc., Ry. Co., 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448. But it is said that whether plaintiff filed a bond or not it was the duty of the clerk under the order allowing a writ of error, made October 24, 1905, to issue and file the writ before the limit for the bringing of the writ should expire, and that, when a plaintiff has done all that he is required to do, he should not be deprived of his remedy by reason of the fault of the clerk in not actually issuing and filing the writ in accordance with the order of the court. For this, counsel cite Mutual Insurance Co. v. Phinney, cited above, where it was held that the failure of a clerk to indorse a writ lodged with him as filed will not defeat the writ; the plaintiff having

properly and seasonably sued one out and left it with the clerk for filing.

The case does not apply to the facts of this cause for two reasons: First, the plaintiff did not do all that he was required to do; and, second, the clerk did not neglect any duty which the law imposed upon him. The allowance of the writ of error on October 24, 1905, was conditional upon giving bond. Plainly, it was ineffective until the condition was complied with. Nothing appears to show when, if ever, such a bond was given. The inference from a new allowance upon May 7, 1906, when a writ was filed, is that the allowance of a writ on October 24, 1905, was abandoned and never prosecuted. But assuming a bond to have been given in time, and that the plaintiff did not follow it up by obtaining a writ and delivering it to the clerk for filing, was it the clerk's duty to issue a writ and file it for the plaintiff in error, although not requested so to do? It must be remembered that the writ of error which is to deprive the Circuit Court of jurisdiction and to remove the record to the appellate court is the writ of the Supreme Court or of this court, according to the jurisdiction of those courts, and not of the Circuit Court, although the clerk of that court may actually issue it. Originally they issued only from the office of the clerk of the Supreme Court. But by statute enacted in 1792 it was provided that a form of writ should be prepared by the Supreme Court and copies placed in the hands of the clerks of the Circuit Courts to be issued upon application under the seal of that court. Mussina v. Cavazos, 6 Wall. 355, 18 L. Ed 810. This enactment is now carried into the Revised Statutes as section 1004 [U. S. Comp. St. 1901, p. 713], whereby it is provided that the writ may be issued either by the clerk of the Supreme Court or the clerks of the Circuit Courts. By section 11 of the Court of Appeals act, all of the existing provisions of law regulating methods of review are made applicable to the Circuit Courts of Appeal. Under this, writs of error, returnable to this court, may be issued from the office of the clerk of this court or the office of the clerk of the circuit court in which the judgment was rendered  Northern Pacific R. R. Co. v. Amato (C. C.) 49 Fed. 881. The writ runs in the name of the President and bears the test of the Chief Justice. It is directed to the judges of the Circuit Court, and commands them to return, with the writ, into this court, a transcript of the record. Such a writ must be served, and it is so served when it is deposited with the clerk of the court in which the judgment was rendered. This deposit of the writ is its service, and the file mark, which it is the duty of the clerk to place thereon, is but evidence to show the fact of service and its date. It is clear that it is the duty of the plaintiff in error to apply for the writ, either to the clerk of this court or, if more convenient, to the clerk of the Circuit Court, and then it is his duty to deposit the writ, when issued, with the clerk of the Circuit Court. The clerk of the Circuit Court is under no greater duty to issue such a writ, without it is demanded by the plaintiff, than is the clerk of this court. Of course, for a neglect to issue the writ when requested an action might lie, but that it not the question here. Baltimore & O. R. Co. v. Weedon, 78 Fed. 584, 24 C. C. A. 249. The clerk was not requested to is-

sue this writ at any time prior to its actual issuance and was under no legal duty to do so without request.

The motion to dismiss the writ, because not "brought" within time is allowed.