CARRIERE & SON v. UNITED STATES.

(Circuit Court, W. D. Michigan, N. D. April, 1908.)

No. 460 (1,459).

1. CUSTOMS DUTIES—APPEAL FROM GENERAL APPRAISERS—TIMELINESS—JURIS-DICTION OF CIRCUIT COURT.

Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933), providing that applications for review of decisions of the Board of General Appraisers should be filed "within 30 days next after such decision, and not afterwards," is mandatory; and a delay of 1 day beyond the period prescribed is as fatal as a longer period. An application filed after 30 days must be dismissed for want of jurisdiction.

2. COURTS—TRIAL—WAIVER OF JURISDICTIONAL DEFECT—TRIAL ON MERITS.

To go to trial upon the merits does not have the effect of waiving the jurisdiction of the court.

On Application for Review of a Decision by the Board of United States General Appraisers.

Hill & Smith (William S. Hill, of counsel), for importers.
George G. Covell, U. S. Atty.

KNAPPEN, District Judge. The decision of the Board of United States General Appraisers, a review of which is here asked, was made July 14, 1899. The application for its review was filed with the clerk of this court August 14, 1899. A motion to dismiss the application is made by the district attorney on behalf of the United States, upon the ground that it was not made within the period limited by statute therefor. If this application were one addressed to the discretion of the court I should be loth to exercise it in favor of such dismissal, coming, as it does, upon final hearing of the case, and raised, as it is, only by brief of counsel. If, however, the failure to apply for a review within the statutory period is jurisdictional, no case for the exercise of discretion is presented.

163 F.—64

. I have not had the benefit of the views of counsel for appellants, as no notice has been taken by them of the motion to dismiss contained in the brief of the district attorney, which motion cited the statute under which it was claimed the application for review came too late. The statute under which the review is asked provides:

"That if the owner, importer, consignee, or agent of any imported merchandise, or the collector, or the Secretary of the Treasury, shall be dissatisfied with the decision of the Board of General Appraisers, * * * they or either of them, may within thirty days next after such decision, and not afterwards, apply to the circuit court of the United States within the district in which the matter arises, for a review of the questions of law and fact involved in such decision. Such application shall be made by filing in the office of the clerk of said circuit court a concise statement of the errors of law and fact complained of." Act June 10, 1890, c. 407, § 15, 26 Stat. 138 (U. S. Comp. St. 1901, p. 1933).

July has 31 days. The 30-day period had thus elapsed when the application for review was made. An application on the 31st day after the decision was not in time. See, by analogy, as to computation of time, United States v. Wyman & Co., 156 Fed. 97, 99, 84 C. C. A. 123, which involved the 10-day limitation for appeal to the Board of General Appraisers from the decision of the collector. The application for review was not made until the filing in this court of the statement of errors and fact complained of. The statutory provision is express that the application shall be made by filing the statement in the office of the clerk of the court. The statutes, both in respect to writs of error and appeals in equity, have been strictly construed. Wauton v. De Wolf, 142 U. S. 138, 12 Sup. Ct. 173, 35 L. Ed. 965; Brooks v. Norris, 11 How. 204, 13 L. Ed. 665; Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. 877, 27 L. Ed. 824; Credit Company v. Arkansas, etc., Railway Company, 128 U. S. 258, 9 Sup. Ct. 107, 32 L. Ed. 448; Kentucky Coal, etc., Company v. Howes, 153 Fed. 163, 82 C. C. A. 337.

This statute is mandatory and its observance is essential to the conferring of jurisdiction upon this court. The dismissal of appeals and writs of error because not taken within the period limited by statute is expressly based upon a lack of jurisdiction in the appellate court. Scarborough v. Pargoud, supra; Union Pacific Railroad Company v. Colorado Eastern Railway Company, 54 Fed. 22, 4 C. C. A. 161; Fayolle v. Texas & Pacific Railway Company, 124 U. S. 519, 8 Sup. Ct. 588, 31 L. Ed. 533; Old Nick Williams Company v. United States, · 152 Fed. 925, 82 C. C. A. 73; United States v. Baxter, 51 Fed. 624, 2 C. C. A. 410.

The 30-day limitation for appeals in bankruptcy, from the Circuit Court of Appeals to the United States Supreme Court, has been likewise held mandatory (Conboy v. First National Bank, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128), as has also the 10-day provision before referred to for appeals from the decision of the collector to the Board of General Appraisers (In re Guggenheim Smelting Company, 112 Fed. 517, 521, 50 C. C. A. 374; United States v. Wyman & Co., supra). A delay of 1 day beyond the statutory period is thus as fatal as a longer period. See, by way of illustration, Lutcher v. United States, 157 U. S. 427, 15 Sup. Ct. 718, 39 L. Ed. 759; Cincinnati Safe & Lock

Company v. Grand Rapids Deposit Company, 146 U. S. 54, 13 Sup. Ct. 13, 36 L. Ed. 885; United States v. Wyman & Co., supra. So strictly is the limitation of time enforced, as applied to statutory requirements, that an order allowing an appeal, or an order approving a bond or extending the time to settle a bill of exceptions, does not extend the statutory time for appeal or writ of error. Lutcher v. United States, supra; Kentucky Coal, etc., Company v. Howes, supra.

Going to trial upon the merits does not have the effect to waive the lack of jurisdiction. In Stevens v. Clark, 62 Fed. 321, 10 C. C. A. 379, it was held that by going to trial upon the merits an appellee could not waive lack of jurisdiction resulting from failure to take a proper appeal within the prescribed time. In Brooks v. Norris, supra, it was said:

"The bar arising from lapse of time is apparent on the record, and the defendant may take advantage of it by a motion to quash or dismiss the writ."

See, also, Farrar v. Churchill, 135 U. S. 609, 612, 10 Sup. Ct. 771, 34 L. Ed. 246.

In Credit Company v. Arkansas Railway Company, supra, and in Edmonson v. Bloomshire, 74 U. S. 306, 19 L. Ed. 91, the question of jurisdiction was raised by the court upon its own motion and upon hearing on the merits. In Davies v. Miller, 130 U. S. 284, 9 Sup. Ct. 560, 32 L. Ed. 932, which was an action against a collector to recover back duties, the question whether the protest was filed in time was permitted to be raised on the trial. In Re Guggenheim Smelting Company, supra, the appeal was from the action of the Board of Appraisers, sustaining the levying of the duties. The judgment below was affirmed on the ground that the 10-day limitation period provided by section 14 of the act in question could not be waived by the collector. In United States v. Wyman & Co., supra, the collector had refused to receive the protest as too late. It was presented to the appraisers, who, "after hearing, * * * sustained the decision of the surveyor." The Circuit Court heard the evidence and sustained the appeal of the importer. The decision was reversed by reason of the failure of the importer to protest in time.

In my opinion the application for review must be dismissed for lack of jurisdiction to entertain it.