UNITED STATES v. ALAMOGORDO LUMBER CO.

(Circuit Court of Appeals, Eighth Circuit.    December 21, 1912.)

Nos. 3,802, 3,831.

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 401*)—WRIT OF ERROR—"BROUGHT."

A writ of error is not brought, it does not remove the record from the lower court until it is filed or lodged in the court, or with the clerk of the court, which rendered the judgment, or which has succeeded to the jurisdiction of that court over the judgment to be reviewed and the files and records pertaining to it, and until the writ is so brought it presents no ruling for an appellate court to review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2113; Dec. Dig. § 401.*

For other definitions, see Words and Phrases, vol. 1, p. 885.]

2. COURTS (§ 431*) — TERRITORIAL COURTS — JURISDICTION — TRANSFER — ENABLING ACT.

Under section 15 of the Enabling Act of New Mexico (Act June 20, 1910, c. 310, 36 Stat. 566), the jurisdiction of any case pending in any court of the territory of New Mexico other than the Supreme Court thereof at the time of its admission as a state, which was such that, if begun in a state, it would have fallen within the concurrent and not within the exclusive jurisdiction of a Circuit Court or a District Court of the United States, was transferred by operation of law to the proper state court.

In the absence of an application by any party to such a case made as nearly as might be in the manner provided for the removal of cases from state courts to federal courts not later than 60 days after the lodgment of the record of such case in the proper state court for its removal to the United States District Court in the state, the jurisdiction of that court over such case, its files and records, did not attach.

An order of the District Court of the United States in the state for such a removal, in the absence of any application by any party to the case therefor in the manner above specified, is, against timely objection, ineffectual to sustain the jurisdiction of that court over the case, its files, or records.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1143–1149; Dec. Dig. § 431.*]

3. COURTS (§ 431*)—WRIT OF ERROR—EFFECTIVENESS—SERVICE.

A decree was rendered in one of the district courts of the territory of New Mexico on December 22, 1911, a writ of error was issued to review it on January 5, 1912, the state of New Mexico was admitted to the Union on January 6, 1912, and the court which rendered the judgment then ceased to exist. The case was such that, if begun in a state, it would have fallen within the concurrent, and not within the exclusive, jurisdiction of a Circuit or District Court of the United States, and the jurisdiction of the court which rendered the decree over it was transferred to the proper state court by the enabling act. The writ of error was not filed or lodged with the latter court or its clerk, nor was it filed or lodged with the court. which rendered the decree before it ceased to exist, no application to remove the case to the United States District Court in the state as prescribed by the enabling act was ever made, but the files and records in the case were taken to that court pursuant to its order.

*Held,* in so far as the order of the District Court of the United States in the state directed the transfer, or was intended to transfer, jurisdiction of the case, or of its files or records, to that court, it was ineffectual in the face of timely objection, and the jurisdiction of that court never at-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tached to it or them. The writ of error was never brought because it was never filed or lodged with the district court of the territory while it existed, nor with the proper court of the state to which the jurisdiction of the former over the case, its files and records, was transferred.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1143–1149; Dec. Dig. § 431.*]

**4. APPEAL AND ERROR (§ 20*)—APPEAL FROM COURT WITHOUT JURISDICTION—DISMISSAL.**

In the state of facts relative to the transfer of the case to the United States District Court in the state of New Mexico stated above an appeal was prayed of, and allowed by, that court on June 20, 1912, from the decree of the district court of the Sixth judicial district of the territory of New Mexico rendered on December 22, 1911.

*Held*, the allowance of the appeal by the United States District Court in the state was ultra vires, the application of the United States to it for the appeal was idle because its jurisdiction had not attached to the case, and the appeal must be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 81–87; Dec. Dig. § 20.*]

**5. STATUTES (§ 190*)—CONSTRUCTION—AMBIGUOUS STATUTE.**

Construction and interpretation have no place or office where the language of a statute is unambiguous and its meaning evident. In such a case arguments from the history of legislation, from the possible or even probable effect of the statute and from the inconvenience of complying with its terms, serve only to create doubt and to confuse the judgment.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 266, 269; Dec. Dig. § 190.*]

**6. STATUTES (§ 212*)—EXCEPTIONS—PRESUMPTIONS.**

Where the legislative body has included in a statute by general language many subjects, persons, corporations, or cases, and made no exception, the legal presumption is that it intended to make none, and it is not the province of the courts to do so.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 289; Dec. Dig. § 212.*]

In Error from the Supreme Court of the Territory of New Mexico and on Transfer from the Supreme Court of the State of New Mexico. Appeal from the District Court of the United States for the District of New Mexico; E. R. Wright, Judge.

Action by the United States against the Alamogordo Lumber Company. Decree for defendant, and the United States brings error, and also appeals. Dismissed.

Stephen B. Davis, Jr., U. S. Atty., of Las Vegas, N. M. (Herbert W. Clark, Asst. U. S. Atty., of East Las Vegas, N. M., on the brief), for the United States.

Horace N. Hawkins, of Denver, Colo., and John Franklin, of El Paso, Tex. (W. A. Hawkins, of El Paso, Tex., on the brief), for defendant in error and appellee.

Before SANBORN and CARLAND, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. On December 22, 1911, the district court of the Sixth judicial district of the territory of New Mexico rendered a decree of dismissal of this case which had been brought

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against the Alamogordo Lumber Company, a corporation, to avoid certain sales and deeds of lands which had been made by the territory of New Mexico, an alleged trustee for the United States for certain purposes, and under which the Alamogordo Lumber Company claimed title to the lands. The United States seeks a reversal of this decree by a writ of error and by an appeal, and it is met in this court by motions to dismiss both.

The validity of the writ of error is conditioned by these facts: The decree of dismissal was rendered on December 22, 1911, and under the laws of the territory of New Mexico it was reviewable by a writ of error or by an appeal taken within one year from the date of its entry. Session Laws of New Mexico 1907, c. 57, § 1. On January 5, 1912, the clerk of the Supreme Court of the territory issued a writ of error to review this judgment, telegraphed to the clerk of the district court which rendered the judgment that the writ had been issued, and mailed it to him. On the next day, January 6, 1912, the territory, its Supreme Court and the district court which rendered the judgment, ceased to exist, and the state of New Mexico came into being. On that day the clerk of the court which rendered the judgment received the telegram, and on January 8, 1912, he first received the writ. As the court which rendered the judgment had then ceased to exist, he did not file it, but it subsequently came to the hands of the clerk of the United States District Court in the state of New Mexico pursuant to an order of the latter court made March 30, 1912, to the effect that all files, records, and proceedings relating to any cases or controversies pending on the United States side of the district courts of the territory of New Mexico at the date of the admission of the state should be forthwith delivered by the clerk of the court having custody of them to the United States marshal, to be by him transmitted to the clerk of the United States district court in the state, and the case to which they pertained to be docketed by him as a cause in that court, and that the order which was dated March 30, 1912, should take effect on March 1, 1912.

Section 15 of the act of June 20, 1910, enabling the people of New Mexico to form a constitution and a state government, provided that the United States Circuit Court, or the United States District Court, for the state of New Mexico—

"as the case may be, shall have jurisdiction to hear and determine all trials, proceedings and questions arising, or which may be raised, in any case or controversy pending in any of the courts other than the Supreme Court of the said territory at the date of its admission as a state, the case being such that, under the laws of the United States touching the jurisdictions of federal courts, it might properly have been begun in or (as a separable controversy or otherwise) removed to said circuit or said district court, had they been established when the litigation of such case or controversy was commenced. Should such case or controversy be such that, if begun within a state, it would have fallen within the exclusive original cognizance of a Circuit or District Court of the United States sitting therein, it shall be transferred to the one or the other of said courts sitting within said state of New Mexico, with due regard for the general provisions of law defining their respective jurisdictions; but should such case or controversy be by nature one of those which under such general jurisdictional provisions fall within the concurrent but not the exclusive jurisdiction of such courts, then

such transfer may be had upon application of any party to such case or controversy, to be made as nearly as may be in the manner now provided for removal of cases from state to federal courts, and 'not later than sixty days after the lodgment of the record of such case or controversy in the proper court of the state, as herein provided. All cases and controversies pending at the admission of the state, and not transferable to the said circuit or district court under the foregoing provision, shall be heard and determined by the proper court of the state. All files, records, and proceedings relating to any such pending cases or controversies shall be transferred to such circuit, district, and state courts, respectively, in such wise and so authenticated or proven as such courts shall respectively, by rule direct, and upon transfer of any case or controversy, as herein provided, the same shall be proceeded with in due course of law; and no writ, action, indictment, information, cause, or proceeding pending in any court of the said territory at the time of its admission as a state shall abate or be deemed ineffective by reason of such admission, but the same shall be transferred and proceeded with in the proper circuit or district court of the United States, or state court, as the case may be: Provided, however, that all cases pending in the Supreme Court of the said territory in which the United States is a party, shall, with the records appertaining thereto, be transferred to the Circuit Court of Appeals for the Eighth Circuit, to be there heard and decided." Act June 20, 1910, c. 310, § 15, 36 Stat. 566.

This is a suit in which the United States is a party. Jurisdiction to hear and determine all such suits that were pending in the territorial Supreme Court on January 6, 1912, when the state of New Mexico was admitted, was conferred upon this court by one of the provisos of section 15 which has been recited. Was this case pending in that court upon that day? This question has been exhaustively discussed by counsel and they have cited Brooks v. Norris, 11 How. 204, 13 L. Ed. 665; Credit Co. v. Arkansas Central Railway, 128 U. S. 258, 261, 9 Sup. Ct. 107, 32 L. Ed. 448; Kentucky Coal, Timber, Oil & Land Co. v. Howes, 153 Fed. 163, 82 C. C. A. 337; Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771, 34 L. Ed. 246; Insurance Company v. Phinney, 76 Fed. 617, 618, 22 C. C. A. 425, and Id., 178 U. S. 327, 336, 20 Sup. Ct. 906, 44 L. Ed. 1088—cases persuasive that if it were necessary to give any answer to this question it should be in the negative. In view, however, of the provision of the enabling act which has been quoted, that "no writ, action, indictment, information, cause, or proceeding pending in any court of the said territory at the time of its admission as a state, shall abate or be deemed ineffective by reason of such admission, but the same shall be transferred and proceeded with in the proper circuit or district court of the United States, or state court, as the case may be," let us concede, as counsel for the United States contends, that this case was pending in the Supreme Court of the territory and in the district court of the Sixth judicial district of the territory of New Mexico, another doubtful proposition (Glaspell v. Northern Pacific Railroad Company, 144 U. S. 211, 220, 12 Sup. Ct. 593 [36 L. Ed. 409]), when the state was admitted. What then? Then the case "shall be transferred and proceeded with in the proper circuit or district court of the United States, or state court, as the case may be."

[1] When the state was admitted, the writ of error had been issued, but it had not been served or lodged with any court below, or with the clerk of any court below. It had not been brought, and it

never could be brought, until it was filed or lodged with, and thereby served upon, the proper court to which the case pending at the time of admission in the district court which rendered the judgment was legally transferred.

[2] The case was such that, if commenced within a state, it would have fallen within the concurrent, and not within the exclusive, jurisdiction of a court of the United States, under the laws of the United States touching the jurisdiction of its courts, and it and all the files and records in it were therefore, by the provision of section 15, which has been recited, transferred, not to any of the United States courts, but to the proper state court of the state of New Mexico. The case might indeed have been removed to the United States court in that state within 60 days after the lodgment of the files and records in it in the proper state court by means of a petition, and "application, as nearly as may be, in the manner now provided for removal of causes from state to federal courts," but not otherwise.

[3] However, it never was so removed and under the enabling act the case which was pending in the United States District Court of the territory on January 6, 1912, its files and records, have ever since that date been, and still remain, within the jurisdiction of the proper state court. The next sentence after the removal provision in section 15 reads:

"All cases and controversies pending at the admission of the state, and not transferable to the said circuit or district court under the foregoing provision, shall be heard and determined by the proper court of the state." Glaspell v. Northern Pacific Railroad Co., 144 U. S. 211, 214, 219, 220, 223, 12 Sup. Ct. 593, 36 L. Ed. 409.

[4] It goes without saying that in the face of timely objection, which has been made in this case, the United States District Court in the state was without power, in the absence of an "application of any party to such cause or controversy, to be made as nearly as may be in the manner now provided for removal of causes from state to federal courts, and not later than 60 days after the lodgment of the record of such case or controversy in the proper court of the state," to transfer this case, or any case of like character, or the files or records thereof, to that court, and in so far as the order of that court of March 30, 1912, has, or was intended to have, that effect, it is ultra vires and void, because it is contrary to the express provisions of the act of Congress which has been quoted. The unavoidable result is that no court but the proper state court to which the enabling act transferred the jurisdiction of the district court in the territory over this case, its files and records, has, since the admission of the state, ever had any jurisdiction over it or them.

There are therefore two reasons why the motion to dismiss this writ of error cannot be denied: First. The writ was never brought and a writ of error which is not brought presents no ruling for review. It was not served upon, or filed, or lodged with the court which rendered the judgment before that court ceased to exist, and it was not served upon, or filed, or lodged with the proper state court to which the enabling act transferred the jurisdiction of the case that the court

which rendered the judgment had at the time of the admission of the state. "The writ of error is not brought within the legal meaning of the term until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly." Brooks v. Norris, 11 How. 203, 207, 13 L. Ed. 665; Credit Co. v. Arkansas Central Railway, 128 U. S. 258, 260, 9 Sup. Ct. 107, 32 L. Ed. 448; Farrar v. Churchill, 135 U. S. 609, 613; [1] Kentucky Company, etc., v. Howes, 153 Fed. 163, 164, 82 C. C. A. 337; Insurance Company v. Phinney, 178 U. S. 327, 338, 20 Sup. Ct. 906, 44 L. Ed. 1088. Second. The jurisdiction of the United States District Court in the state and of its clerk over this case and its files and records has never attached because the case has never been removed from the proper state court to which the enabling act transferred it. Hence the clerk of the United States District Court in the state had no power or authority to certify and return here a transcript of the files and records of the district court in the territory which rendered the judgment, files and records of which the proper state court and its clerk alone had jurisdiction, and, as the clerk of that state court has returned no transcript, there is no lawfully authenticated record of those files and proceedings in this court upon which it can act. The motion to dismiss the writ of error must be, and it is, granted, therefore, not because the cause was abated or deemed ineffective by reason of the admission of the state, but because it was not proceeded with according to law after the admission of the state so that either the court below or this court obtained jurisdiction to hear it.

The conclusion that the jurisdiction of this case and of its files and records, which was vested in the United States District Court of the Sixth Judicial District of the Territory of New Mexico at the time of the admission of the state of New Mexico was transferred to the proper state court, and that it could not be transferred against timely objection to the United States District Court in the state without the customary application for removal from state court to federal court, has not been reached without a thoughtful study and consideration of the exhaustive review of the history of the congressional and territorial legislation relating to the courts in the territory of New Mexico, with which counsel for the United States have favored us (Act Sept. 9, 1850, c. 49, 9 Stat. 449, § 10; Act June 14, 1858, c. 166, 11 Stat. 366; Revised Stat. § 1874; Session Laws of New Mexico 1859, chs. 6, 10), and of their argument that the provisions of section 15, relative to the distribution of cases pending in the courts of the territory other than the Supreme Court at the time of the admission of the state, should be so construed as to include within their effect only cases pending in the United States District Courts of the counties in the territory at that time, and so as to except from their operation and effect all cases pending in the United States District Courts of the judicial districts.

[5] But the act of Congress clearly and without any ambiguity expresses the intention of Congress that the jurisdiction of

[1] 10 Sup. Ct. 771, 34 L. Ed. 246.

all cases pending in all of the courts of the territory other than the Supreme Court which, if begun within a state, would have fallen within the concurrent jurisdiction of the state and the federal court, should be transferred to and vested in the proper state court, and that the jurisdiction of the United States District Court in the state should never attach to any of them unless some party thereto instituted and prosecuted an application and proceeded to remove it to that court in the way customarily employed to remove cases from the state courts to the federal courts. Construction and interpretation have no place or office when the language of a statute is unambiguous and its meaning evident. In such a case arguments from the history of legislation, from the possible, or even probable, evil effects of a statute and from the inconvenience of complying with it, and attempted judicial construction of its terms, serve only to create doubt and to confuse the judgment. They tend to obscure, rather than to elucidate, the meaning of the statute. Knox County v. Morton, 15 C. C. A. 671, 673, 68 Fed. 787, 789; Shreve v. Cheesman, 16 C. C. A. 413, 416, 69 Fed. 785, 788; Armour Packing Co. v. United States, 153 Fed. 1, 12, 82 C. C. A. 135, 146, 14 L. R. A. (N. S.) 400. There is in such a case a conclusive legal presumption that the legislative body intended what it declared, the statute must be held to mean what it clearly expresses, and no room is left for construction. United States v. Ninety-Nine Diamonds, 139 Fed. 961, 964, 72 C. C. A. 9, 12, 2 L. R. A. (N. S.) 185; Brun v. Mann, 151 Fed. 145, 157, 80 C. C. A. 513, 525, 12 L. R. A. (N. S.) 154.

[6] Again, this act of Congress expressly transfers the jurisdiction of all the courts of the territory other than the Supreme Court over all cases pending therein which, if begun in a state, would have fallen within the concurrent jurisdiction of the state courts and the federal courts to the proper state court. It contains no exception from this general transfer of cases of this nature pending in the United States District Courts of the judicial districts of the territory. And where a legislative body has included in a statute by general language many subjects, persons, corporations, or cases, and made no exception, the legal presumption is that it intended to make none, and it is not the province of the courts to do so. Omaha Water Co. v. City of Omaha, 147 Fed. 1, 13, 77 C. C. A. 267, 279, 12 L. R. A. (N. S.) 736, 8 Ann. Cas. 614; Madden v. Lancaster County, 12 C. C. A. 566, 572, 65 Fed. 188, 194; Union Central Life Ins. Co. v. Champlin, 54 C. C. A. 208, 210, 116 Fed. 858, 860; Cella Commission Co. v. Bohlinger, 147 Fed. 419, 425, 78 C. C. A. 467, 473, 8 L. R. A. (N. S.) 537. In the light of these incontrovertible rules of law, the forceful argument of counsel for the government in favor of the insertion in the act of Congress of the exception they advocate has failed to convince that it is our duty to make it, and the court is constrained to leave the statute as the Congress enacted it.

We turn to the motion to dismiss the appeal. It was prayed of and allowed by the United States District Court in the state of New Mexico on June 20, 1912, and it was taken from the decree of the district court of the Sixth judicial district of the territory of New Mexico

rendered on December 22, 1911. The conclusions which have, been reached in the consideration and decision of the motion to dismiss the writ of error leave but one disposition of the motion to dismiss the appeal possible. As the case pending in the United States District Court of the Sixth Judicial District of the Territory at the time of the admission of the state of New Mexico was one of which a federal court and a state court would have had concurrent jurisdiction if it had been commenced in a state, as the jurisdiction of the court which rendered the judgment over this case, its files and records, was transferred by the enabling act to the proper state court, as no proceedings to remove the case from that court to the United States District Court in the state analogous to the usual proceedings to remove cases of this nature from the state courts to the federal courts have ever been taken, the jurisdiction of the United States District Court in the state never attached to this case, its files, or records.

Its allowance of the appeal was ultra vires, the petition of the United States to it for the appeal was idle, and the appeal must be dismissed.