## UNITED STATES v. SHAFFER.

### (District Court, W. D. Washington, N. D. August 20, 1918.)

### No. 4062.

**Appeal and error ⬤=459—Procedure in federal courts.**

Before a defendant can supersede a judgment against him, he must sue out his writ of error. If this is done, and the required security given within 60 days after rendition of the judgment, he may effect his supersedeas as matter of right, but after that time, under Rev. St. § 1007 (Comp. St. § 1666), only by permission of a judge of the appellate court.

Criminal prosecution by the United States against Frank Shaffer. On motions by the United States to commit defendant and by defendant for extension of time to file bill of exceptions. Motion to commit denied, and defendant's motion granted.

C. L. Reames, Sp. Asst. Atty. Gen., for the United States.
Wm. R. Bell, of Seattle, Wash., for defendant.

NETERER, District Judge. The defendant was convicted on the 28th day of June, 1918. At the time, upon request of counsel, he was given 30 days within which to file a bill of exceptions, and at the time, with the consent of the government, the defendant was released on $6,000 bond, with the usual conditions. No bill of exceptions has been presented, nor petition for writ of error filed. The government has filed a motion that the defendant be committed upon the judgment of conviction, for the reason that he is not prosecuting his appeal, and that the judgment may not be superseded, no writ of error being sued out. The defendant, by his counsel, appears in court and asks further time to file his bill of exceptions, and that the motion of the government be denied.

I think it might be beneficial to briefly state the law and the rules of court with relation to bills of exception, writs of error, and supersedeas. The federal judicial system proper embraces the District Court, the Circuit Court of Appeals, and the Supreme Court, the court of original jurisdiction, the intermediate appellate court, and the court of last resort in the order stated. The decisions of the District Court may be reviewed by the Circuit Court of Appeals (section 128, Judicial Code [Comp. St. § 1120]), except causes in which a direct appeal on writ of error may be taken to the Supreme Court (section 238 [Comp. St. § 1215]). A review may, however, be had in the Circuit Court of Appeals of any judgment where the jurisdiction has attached by reason of diverse citizenship, except, where the jurisdiction is dependent upon a constitutional question alone, the jurisdiction of the

---

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes .

Supreme Court is exclusive. American Sugar Refining Co. v. New Orleans, 181 U. S. 277, 21 Sup. Ct. 646, 45 L. Ed. 859.

Acts of Congress, rules of the District Court, and the practice and procedure prevailing in the courts of the state where the district court is held, made so by the Conformity Act of June 1, 1872 (section 914, Rev. Stat. [Comp. St. § 1537]), prescribe the mode of procedure. The Conformity Act provides that the practice, pleadings, and procedure in actions at law in District Courts shall conform "as near as may be" to that of courts of record of the state in which the court is held. "As near as may be" has been held to leave the adoption of state laws or rules to the discretion of the federal judges. Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602.

A state rule, to have full force, requires the adoption by act of Congress or the rules of the District Court. Simkins, A Federal Suit at Law, p. 7; Erstein v. Rothschild (C. C.) 22 Fed. 61. The discretion of the District Court seems to be bound only by the duty to observe the local rule for producing issues of law and fact. That is the method and order of pleading. Simkins, A Federal Suit at Law, p. 5; Brown v. Cumberland Telephone & Tel. Co. (C. C.) 181 Fed. 246.

Rule 75 of this district provides that a party wishing a bill of exceptions shall, 10 days after the ruling is made, or, if made during a trial, 10 days after the rendition of the verdict, serve his proposed bill of exceptions. The other party then has 10 days to serve his proposed amendments. Within 5 days thereafter the proposing party shall deliver the proposed bill and amendments to the clerk for the judge, who designates a time to settle the bill; the party being notified thereof by the clerk.

"In settling the bill, the judge must see that it conforms to the truth, and that it is in proper form, notwithstanding that it may have been agreed to by the parties, or that no amendments have been proposed to it. * * * "

After the bill is settled, it must be engrossed by the party who proposed it, and the judge must thereupon attach his certificate, and it is thereupon filed with the clerk. The practice in this district has been not to prepare the proposed bill until after the petition for new trial is disposed of. The purpose of the bill of exceptions is to raise only issues of law, and each error relied on should be specifically pointed out. Rule 4, Supreme Court Rules (32 Sup. Ct. v); rule 10, Ninth Circuit (208 Fed. vii, 124 C. C. A. vii).

The method of obtaining a review of law issues is by writ of error. The practice is governed by federal statutes, rules of court, and, in the absence of these, by the common law. Simkins, A Federal Suit at Law, pp. 166, 167; Ex parte Chateaugay, 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508. The writ must be sued out within 6 months after the entry of the order or judgment to be reviewed. Section 11, Act 1891, 26 Stat. 829 (Comp. St. §§ 1647, 1651).

The following steps in seeking to obtain a writ of error are given by Simkins, A Federal Suit at Law, p. 177:

(1) A petition for the writ, addressed to the judge of the trial court in term or vacation; (2) the petition must be accompanied with an assignment of errors and a prayer for reversal; (3) the writ of error, bond, the approval,

and the signing of the citation by the judge allowing the writ; (4) order of the judge in writing allowing the writ; (5) issuing the writ by the clerk of the trial court or appellate court, usually the former.

These steps are provided by section 997, R. S. Rule 11 of the Ninth Circuit (208 Fed. vii, 124 C. C. A. vii) provides that an assignment of errors must be filed with the clerk of the trial court with the petition for the writ of errors, setting out particularly and separately the errors relied upon. When admission or rejection of evidence is alleged as error, the assignment must give the substance of such evidence; if charge of the court, the part of the charge alleged to be erroneous must be set out totidem verbis. The assignment should be so specific that the court can determine what the issue is without searching the record. The party should prepare a form of writ and present it to the clerk for issuance, and it must be served—depositing with the clerk of the trial court being considered as such. Kentucky Coal, Timber, Oil & Land Co. v. Howes, 153 Fed. 163, 82 C. C. A. 337. The writ of error is not "brought," within the meaning of section 1008, R. S. (Comp. St. § 1649), until it is filed with the clerk. Kentucky Coal, Timber, Oil & Land Co. v. Howes, supra.

The writ must be returnable at San Francisco within 30 days from signing. Rule 14, Ninth Circuit (208 Fed. viii, 124 C. C. A. viii). A form of citation must be presented to the judge, and signed on issuance of the writ of error, which is likewise returnable at San Francisco, and a copy of the citation must be served 20 days before the return day.

A defendant may obtain a supersedeas by suing out a writ of error within 60 days, Sundays excepted, after the entry of the judgment, and give the security required by law on issuing the citation. Section 1007, R. S. (Comp. St. § 1666). To supersede judgment as a matter of right, these provisions must be complied with within 60 days, and bond taken in amount and conditions pursuant to rule 13, Circuit Court. After the expiration of the 60 days, stay of execution may be obtained only in the discretion of the judge.

It is apparent, from the statutory provisions and court rules, that before the defendant can avail himself of the right to supersede a judgment he must sue out his writ of error. This, I think, is the uniform holding, and is likewise in harmony with Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424, and with U. S. v. Hudson (D. C.) 65 Fed. 68, and Ex parte Harlan (C. C.) 180 Fed. 119.

The defendant having agreed to file his bill of exceptions and sue out his writ of error within 5 days, and it being stipulated that the case shall be presented to the Circuit Court of Appeals at its ensuing session in this city, counsel for the government not objecting, the motion to commit the defendant is denied.