HUGHES v. NEW YORK, O. & W. R. R.

(District Court, S. D. New York. August 10, 1915.)

COURTS ⊗⟶353—PROCEDURE—MOTIONS FOR NEW TRIAL—TIME FOR MAKING.
    Under court rule 5, declaring that for the purpose of making motions necessary to be made within the term at which judgment is entered each term is extended so as to comprise a period of three calendar months beginning on the first Tuesday of the month on which verdict was rendered or judgment or decree rendered, the time for a motion for new trial runs from the month in which judgment is entered, where judgment is entered on the verdict; for the judgment, as well as the verdict, must be vacated if new trial is granted.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 933; Dec. Dig. ⊗⟶353.]

At Law. Action by Avasta Hughes, as administratrix, against the New York, Ontario & Western Railroad. On motion by plaintiff to vacate an order vacating the judgment and granting new trial. Motion overruled.

Benjamin F. Patterson, of New York City, for the motion.
Watts, Oakes & Bright, of Middletown, N. Y., opposed.

AUGUSTUS N. HAND, District Judge. This is a motion to vacate my order setting aside the verdict vacating the judgment and granting a new trial. The witness Carpenter has furnished another version of the accident and now says Hughes fell from the cupola of the caboose when the train ran by the switch, but that he thinks he did not testify correctly at the trial when he swore that he actually saw Hughes fall

through the air from the cupola to the floor. This technical and extremely literal interpretation of his letter is not the natural one, and, in view of the witness' many conflicting statements, I think I should require the case to be resubmitted to a jury.

The point is also made that I had no power to grant a new trial because of the language of our rule 5, which is as follows:

"For the purpose of making and filing bills of exceptions and making any and all motions necessary to be made within the term at which any judgment or decree is entered, each term of this court shall be and hereby is extended so as to comprise a period of three calendar months beginning on the first Tuesday of the month in which verdict is rendered or judgment or decree rendered."

This rule evidently overlooks the fact that where a judgment is entered on a verdict the judgment as well as the verdict must be removed if a new trial is to be granted. When a judgment has been entered, it is therefore my opinion that the time to make all motions and take all steps involved in the effectual vacating of the judgment runs from the month in which the judgment is vacated.

The Supreme Court said, in the case of Bronson v. Schulten, 104 U. S. at page 415, 26 L. Ed. 797:

"It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court.

"But it is a rule equally well established that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and, if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision. So strongly has this principle been upheld by this court that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered. And this is placed upon the ground that the case has passed beyond the control of the court."

This general principle has been recently enunciated by the Supreme Court in the opinion of Mr. Justice Hughes, in the case of United States v. Mayer, Judge of the District Court, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129.

In the case of Walker v. Moser, 117 Fed. 230, 54 C. C. A. 262, the Circuit Court of Appeals for the Eighth Circuit held that a new trial might be granted in April vacating a judgment and setting aside a verdict where the verdict was rendered in October, motion for a new trial made in November, judgment entered in December, and verdict and judgment set aside in April. The court said:

"But no judgment in the cause was entered at that term, and the cause necessarily and irrespective of the pending motion for new trial, passed over to the November term for the entry of judgment, and any other action that might be taken in the case."

It would appear that at common law the term remained open for the entry of judgment, and any motion vacating that judgment might be made at the term, namely, January, in which the judgment was ren-

dered. By rule 5 of this court the term was judicially extended for motions vacating the judgment until three months after the same was entered. If the plaintiff's view were adopted, our rule instead of extending, as it evidently intends to do, the time to make motions for a new trial, would, in many cases, restrict it to a period less than that allowed by common law. I must therefore regard the words of the rule "verdict is rendered or" as inadvertent and inconsistent with the main purpose of the rule and regard the order vacating the judgment and setting aside the verdict as properly made.

For the foregoing reasons, the motion is denied.