LINDER, Assignee, etc., v. LEWIS and others.

(*District Court, S. D. New York.* January 22, 1880.)

FINAL DECREE—MOTION TO OPEN JUDGMENT AFTER CLOSE OF TERM.— After the term at which a final judgment or decree is entered, the courts of the United States have no power to open the judgment or decree, and grant a rehearing, or let a defendant in to answer, unless, at the time at which the judgment or decree is entered, some order is made virtually keeping the judgment open for further relief or proceedings.

SAME—OMISSION TO ENTER ORDER THAT THE BILL BE TAKEN PRO CONFESSO.—The omission to enter a formal order that the bill be taken *pro confesso* against the defendants, will not affect the regularity of a final decree or make it any less absolute.

*J. H. Drake*, for motion.

*G. H. Yeaman*, contra.

CHOATE, J. This is a motion to open a final decree entered at the September term 1879, whereby the defendants Wettstein, Meyer and Ochninger were decreed to pay to the complainant, as assignee in bankruptcy of Wallach & Co., the sum of $3,109.24. These defendants were judgment creditors of Wallach & Co. before their bankruptcy, and after the execution of a general assignment for the benefit of creditors by the bankrupts, and before the filing of the original petition in bankruptcy, these defendants and several other judgment creditors took out their executions and placed them in the hands of the sheriff, who levied on goods covered by the general assignment.

Afterwards, the sheriff requiring indemnity before he would sell the goods, the several judgment creditors, defendants, indemnified him, but some of the judgment creditors withdrew their bonds and took action, which has been held in this suit to exempt them from liability to account to the complainant for the proceeds of the goods sold by the sheriff. The suit was brought against the general assignee, the sheriff and the judgment creditors to set aside the voluntary assignment, and to compel the sheriff and the judgment creditors to account for and pay over the value of the goods sold. The final decree was for the complainant, setting aside the assignment, and charging the sheriff and the judgment creditors, who did not withdraw their authority to the sheriff, with the proceeds of the goods.

These moving defendants were duly served with process and appeared in the suit, but put in no answer. Their time to answer was twice extended by stipulation. It appears now, by the moving papers, that through some misapprehension on the part of their attorney he was led to believe that no substantial relief was sought against them in the suit. They were, however, regularly served with notice of all the proceedings in the cause, had notice of the applications for the interlocutory and for the final decree, which was entered, as above stated, at the last September term. They now

claim that they have the same precise defence which has been sustained as to other defendants; that is, that before the sale they withdrew the sheriff's authority to sell on their account, and that they have lost the opportunity to make this defence solely through this mistake of their attorney. Meanwhile, the others, defendants, who were charged by the decree, have appealed to the circuit court, and the marshal has taken proceedings to enforce the entire decree against these defendants.

The case is clearly one in which the court would gladly give these parties relief if it had the power. They are apparently in the position of being called on to pay what other defendants, upon the same state of facts, have been held not liable to pay, and if the appeal of the defendants who have been charged should be sustained, they are also charged with what will in that case be held to have been a claim not well founded against any of the defendants. But it is clear that, after the term at which a final judgment or decree is entered, the courts of the United States have no power to open the judgment or decree and grant a rehearing, or let a defendant in to answer, unless at the time at which the judgment or decree is entered some order is made virtually keeping the judgment open for further relief or proceedings. Supr. Ct. Rules in Eq. 18 and 19; *Mueller* v. *Ehlers,* 1 Otto, 249; *Scott* v. *Blaine,* 1 Bald. 287; *Herbert* v. *Butler,* 14 Bl. C. C. 357.

The rule is based on the theory that public and private interests require that there should be an end of litigation after a party has had his day in court, and ample opportunity to present and assert his rights by way of prosecution or defence. And in the courts of the United States this limit of litigation, subject to the right of appeal or review, is fixed at the end of the term of the court at which the final judgment is entered.

In this case these defendants had ample opportunity to present their defence, and it must be accounted their own negligence and laches that they did not do so. At any rate, the court is without power to relieve them on motion.

The only suggestion of irregularity in the proceedings in

the cause is, that no formal order appears to have been entered that the bill be taken *pro confesso* against these defendants. It is the ordinary practice to enter such an order, but I cannot say that the omission to do so affects the regularity of the final decree or makes it any less absolute.

The rules require that, if no answer or plea is put in, the bill shall be taken *pro confesso,* and the entry of the interlocutory decree upon notice, and of the final decree, also upon notice, must, I think, be held to be, in effect, equivalent to such an order. I do not perceive that the failure to enter the order, these defendants having full notice of all the proceedings, and being, of course, chargeable with notice that they had not answered, can possibly have prejudiced them, and the want of such an order is one of those defects of form, or such a want of form, as is referred to in Rev. St. § 954, which the court is required to disregard. See *Bank* v. *White,* 8 Pet. 262.

It is further suggested that as the complainant is an assignee in bankruptcy he is, more than plaintiffs ordinarily, under the control of the court, and that he should, therefore, be restrained, in the exercise of the powers of the court in bankruptcy, from taking an unconscionable advantage of these defendants for the benefit of the creditors of the bankrupts.

Whether this court, sitting in bankruptcy, could relieve these judgment debtors against the collection of this judgment on the ground that it could, as a court of bankruptcy, take notice of their alleged claims for equitable relief, and if so, whether it could be done against the objection of any creditor of the bankrupts; in other words, whether it would be within the powers of the court in bankruptcy to relieve them from that absolute estoppel by record to deny the obligation to pay this judgment, which the judgment itself creates, is a question which cannot be raised here, because this application is not made to the court sitting in bankruptcy, but to the court exercising its jurisdiction in equity, and bound by the rules established for such a court, and it is a motion in this very cause in which the decree must be held to import

absolute verity. And in this court, sitting in this cause in equity, the complainant certainly has all the rights of other suitors.

Motion denied.