ANDREWS et al. v. THUM et al.

(Circuit Court of Appeals, First Circuit. June 23, 1894.)

No. 89.

1. APPEAL—WHO MAY TAKE.—PERSONS CONDUCTING DEFENSE.

In a suit for infringement of a patent, brought against vendors of the alleged infringing articles, the manufacturers assumed and carried on the defense, pursuant to a contract with the nominal defendants to carry on said defense to final judgment. *Held,* that they had a right to appeal from a final decree without the special consent of the nominal defendants.

2. SAME—TIME OF TAKING—PETITION FOR REHEARING.

In a suit for infringement of a patent, brought against vendors of the alleged infringing article, the manufacturers assumed and carried on the defense, and, after entry of an interlocutory order for an injunction and an account, moved to reopen the case and dissolve the injunction, for reasons touching the merits. Pending the motion the nominal parties caused to be entered a final decree for a sum settled between them as damages. The motion was subsequently heard by the court on its merits and denied. *Held,* that the motion must be held to be in effect a petition for a re-

hearing under rule 29, so that the time to appeal from the decree ran from the date when the motion was denied, not from the entry of the decree.

3. SAME—NOTICE—TIME OF SERVICE OF CITATION.
    That the citation was served less than 30 days before the return day is not ground for dismissing the appeal, notwithstanding Rev. St. § 999.

4. SAME—TIME OF FILING RECORD—DISMISSAL.
    That the record was not filed in the appellate court by or before the return day, and an order enlarging the time for filing it was not made or asked for until after that day, is not ground for dismissing the appeal, where the record has been filed, and the cause docketed, before the motion to dismiss is made.

5. SAME—MOTION TO DISMISS.
    From a decree for complainants in a suit for infringement of a patent, the persons carrying on and interested in the defense appealed in the names of the nominal defendants. Complainants moved to dismiss the appeal for the reasons, besides others, that the assignment of errors filed was based upon a patent not set up in the answer; that the appeal was an attempt to appeal from a decision of the court below refusing a petition, after an interlocutory decree, for a rehearing, asked for upon the same patent, such refusal having been on the merits, and a matter of discretion; that appellants were estopped from appealing from the final decree, it having been agreed upon by stipulation between complainants and the nominal defendants, and the damages assessed by such agreement having been paid; that they were estopped therefrom, also, by having failed to appeal from the interlocutory decree, which granted an injunction, within the 30 days allowed therefor, and by the payment of the amount of the final decree; and that they had not acted in good faith, and had attempted to defraud the nominal defendants by offering to suppress certain evidence for a consideration to be paid them by complainants. *Held*, that these matters were not grounds for dismissal, being, so far as pertinent, appropriate only to the hearing on the merits.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit by Otto Thum and others against John A. Andrews and others for infringement of patents No. 278,294 and No. 305,118, issued to said Otto Thum, for fly paper. The alleged infringement consisted in the sale by defendants of fly paper manufactured by Benjamin F. B. Willson, carrying on business under the name of Willson & Co. Upon complainants' threatening suit against defendants for such infringement, John W. F. Willson and said Benjamin F. B. Willson had entered into an agreement with defendants that, in case any suit should be brought against defendants for infringement of letters patent by the use or sale of such fly paper, the said Willsons would assume the defense of said suit, and carry on the same to final judgment at their own sole expense, and, in case plaintiffs should succeed in any such suit, said Willsons would pay all sums that defendants should be ordered or adjudged to pay as damages, profits, or cost of suit. In accordance with this agreement the Willsons assumed and carried on the defense of this suit. The circuit court rendered an interlocutory decree for complainants on February 7, 1893. 53 Fed. 84. On May 6, 1893, the Willsons filed a motion for defendants to reopen the case, for the purpose of introducing a prior patent to a third party, alleged to be precisely similar to complainants' patent, and a motion to dissolve the injunction. On May 13, 1893, on a stipulation by complainants,

and the nominal defendants consenting thereto, a final decree was entered for complainants for $2,500 as damages and profits and as costs of suit, and on May 15, 1893, complainants acknowledged satisfaction thereof. On June 23, 1893, the motions to reopen the case and to dissolve the injunction were heard and were denied. The Willsons filed a prayer for appeal and an assignment of errors on November 17, 1893. The appeal was allowed on February 5, 1894, and on the same day, the bond on appeal having been approved, a citation to complainants was issued, returnable March 1, 1894. The citation was served on February 21, 1894. On March 5, 1894, an order of the circuit court of appeals was made, enlarging the time for docketing the cause and filing the transcript of record to March 9, 1894. The order was filed on March 8, 1894, and the record was filed and the cause docketed in the circuit court of appeals on March 9, 1894. On March 20, 1894, complainants filed a motion to dismiss the appeal, as follows:

"Now come the appellees (complainants in the court below), and move to dismiss the appeal in the above-entitled case for the following reasons, to wit: (1) Because the record was not filed in this court on or before March 1st, the return day of the citation. (2) Because the orders of his honor, Judge Colt, extending the time for the filing of the record to March 7, 1894, at four o'clock p. m., and further extending such time to March 8, 1894, at 12 o'clock noon, were without authority of law, and are therefore void, because (a) the orders were entered after the return day of the citation, and the motion was made after the record should have been filed in the court above; (b) appellees' right to docket and dismiss under rule 16 of this court had attached, and could not be divested without a hearing; (c) said orders were entered without notice to parties or argument; (d) under the statute constituting this court (sec. 11), the rules and practice on appeal of the supreme court of the United States are made applicable, and the court has no authority to vary from such practice where it is established. (3) Because the parties moving for this appeal are not parties to the cause, and have no authority to appear herein. (4) Because the parties defendant, nominal appellants and necessary parties in this court, did not institute these proceedings, and are not joined in the appeal or in the appeal bond. (5) Because no petition has been presented, by the parties moving for this appeal, praying leave of court to intervene. (6) Because no petition or order of severance has been filed in the court below. (7) Because the assignment of errors filed in this cause is based upon a patent not set up in the answer. (8) Because this appeal is an attempt to appeal from the decision of the court below refusing a rehearing, the petition for rehearing having been based upon the same patent without amending the answer; and the rehearing, having been refused upon the merits and being a matter of discretion, is not subject to appeal. (9) Because, upon the final decree entered in the court below, appellants in this court (defendants in the court below) are estopped to appeal, inasmuch as the decree agreed upon by stipulation has been executed, and the damages assessed by agreement have been paid in full, and such damages, having been paid under a decree, cannot be recovered. (10) Because the citation was not served the statutory time before the return day of the writ. (11) Because, by section 7 of the act creating the circuit courts of appeals, the interlocutory decree was appealable within thirty days of its entry, and appellants elected not to appeal from the decree granting an injunction, and, having paid the amount of the final decree, are therefore estopped. (12) Because the parties bringing this appeal have not acted in good faith, and have attempted to defraud the defendants in the court below, nominal appellants in this court, in this: that they offered in writing to suppress all evidence in their possession affecting the validity of the letters patent in said hearing, for a valuable consideration to be paid them by the complainants, as evidenced by the

affidavits of Thomas J. Johnston and Otto and William Thum, hereunto annexed, to which affidavits and exhibits annexed appellees ask leave to refer upon the argument of this motion. For all of these reasons appellees pray that this appeal be dismissed, with the costs to the appellants, and pray leave to refer to the accompanying affidavits referred to therein in support of this, their motion."

The affidavits referred to in this motion contained averments tending, with the exhibits annexed, to establish the charges made in the twelfth paragraph of the reasons therein stated for dismissing the appeal.

John M. Perkins, for appellants.

Thomas J. Johnston, for appellees.

Before PUTNAM, Circuit Judge, and WEBB, District Judge.

PUTNAM, Circuit Judge. This is a motion to dismiss an appeal in a patent cause. The bill was brought against the vendors of the alleged infringing article. With the consent of the nominal defendants, the manufacturers assumed and carried on the defense in the circuit court, so that the ultimate result, when reached, will constitute res adjudicata as against them. After the manufacturers had so far embarked in the defense as to involve essentially their own interests, the permission to conduct it became irrevocable, unless they failed to conduct it properly, or to give indemnity or comply with other reasonable terms, if asked under proper circumstances. There is no suggestion in the record calling for the consideration or application of any of these qualifications.

An interlocutory order for an injunction and an account was, after a trial on bill, answer, and proofs, entered February 7, 1893. Thereupon, the manufacturers, who were defending, filed, May 6, 1893, a motion to reopen the case and dissolve the injunction, for reasons touching the merits. Meanwhile, without consulting the manufacturers, the nominal parties caused to be entered May 13, 1893, a final decree, as follows:

"Inasmuch as it appears that the parties have settled the money payments ordered by the interlocutory decree, it is hereby ordered, adjudged, and decreed that reference to a master be waived, and that defendants be ordered to pay to the complainants the sum of $2,500 as damages and profits to be recovered by the complainants of the defendants herein, and as costs of suit."

On the 23d day of June, 1893, the court heard on its merits the motion filed May 6, 1893, and denied it. This left the injunction in full force, and, so far as concerns it, a judgment which binds the manufacturers, unless reopened on appeal or otherwise. The manufacturers took this appeal in the names of the nominal defendants within six months from June 23, but not within that period from May 13, 1893.

The objection based on the time within which the citation was made returnable is met, in every phase, by Seagrist v. Crabtree, 127 U. S. 773, 8 Sup. Ct. 1394.

The motion filed May 6, 1893, and heard after the entry of the decree of May 13, 1893, must be regarded as in effect the same as a petition for a rehearing, filed after judgment, under our rule 29. It was heard on its merits without objection, and can have

no other possible effect. It was entirely lacking form, but in the federal courts, when substance is preserved, defect of form is easily waived, as was done in this case. Holding the proceeding to have operation under rule 29, the appeal was seasonably taken. Smelting Co. v. Billings, 150 U. S. 31, 14 Sup. Ct. 4; Voorhees v. Manufacturing Co., 151 U. S. 135, 14 Sup. Ct. 295.

That the appellees have mistaken the application of the rules of this court touching the time of filing the record has been settled since Owings v. Tiernan, 10 Pet. 24.

The right of the manufacturers to take this appeal without the special consent of the nominal defendants is denied. That, under the circumstances, justice requires that they should be allowed to take it cannot be disputed. We need not determine whether the right to take an appeal is ordinarily implied in a general authority to defend, under the circumstances of this case, because here the formal contract between the nominal defendants and the manufacturers obliged the latter to carry on the defense to "final judgment," and after the manufacturers became involved in the litigation, and needed to protect themselves, as well as the nominal defendants, their rights were necessarily concurrent with their liability. "Final judgment," in this agreement, evidently means a determination by the ultimate tribunal; otherwise, the manufacturers might unjustly have left their customers to their own fate in an appellate tribunal, which would be contrary to the spirit of the contract.

The other points made on the motion to dismiss, so far as they have any pertinency, are appropriate only to the hearing on the merits.

Motion to dismiss denied.