WALKER et al. v. MOSER et al.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1902.)

No. 1,677.

1. NEW TRIAL—DISCRETION OF COURT—REVIEW.

An order granting or refusing a motion for a new trial is in the discretion of the trial court, and not reviewable.

2. JUDGMENT—CONTROL BY COURT.

The jurisdiction of the court over a cause and the parties continues after the term at which judgment is rendered, if during the term a motion

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. §§ 477, 588; vol. 3, Cent. Dig. 3862, 3864.

respecting the judgment is entertained or allowed, and held open for further consideration.

**3.** NEW TRIAL—GRANTING MOTION—SUBSEQUENT TERM.

Where, at the term of court at which a judgment is rendered, an order granting leave to file a motion for a new trial is entered, and the matter is not disposed of at such term, the court has jurisdiction to decide the motion at a subsequent term.

**4.** SAME—UNFINISHED BUSINESS.

When no judgment is entered on a verdict during the term at which the verdict is rendered, the cause passes over to the next term for entry of judgment, disposition of a motion for a new trial, and any other action that might be taken in the case.

**5.** SAME—RECORDS OF COURT—PRESUMPTION.

An order granting a new trial, as entered of record in the circuit court, showed that it was made "at the November, 1900, term, and on the 12th day of April, 1901." It was contended that April 12, 1901, could not have been in the November term, because a term fixed by statute to be held at another place in the district on the third Monday in January would intervene. *Held*, that the contention was of no merit, since, if the business of the November term made such course desirable, it might have been continued to a date beyond the January term, and it would not be presumed that the court had committed unapparent error or falsified its records.

In Error to the Circuit Court of the United States for the District of Nebraska.

This action was brought to recover the damages alleged to have been sustained by Emma Walker, widow of Charles Walker, deceased, and by Irene Walker, their infant daughter, by the death of said Charles Walker, alleged to have been killed at Ashland, Neb., February 7, 1900, by being thrown from a buggy drawn by horses driven by himself; the misadventure being caused by his intoxication from liquor just previously given and furnished him by defendant John Moser in that defendant's saloon in said Ashland. The action was based upon chapter 50 of the Compiled Statutes of Nebraska, and the bond of said Moser given pursuant to section 6 of that chapter, on which bond the other defendants were sureties. Plaintiffs claimed damages in the sum of $15,000. Defendants answered, admitting the execution of the bond, and that Moser was engaged in the retail liquor traffic at Ashland, and denying the other allegations of the complaint. Trial was had at the October, 1900, general term of the circuit court, and at its close, on October 26, 1900, the verdict of the jury was rendered in favor of the plaintiffs for the sum of $2,250. Afterwards, on November 1, 1900, in the same term, an order was entered by the court in that cause granting leave to the defendants to file a motion for a new trial by November 15, 1900, and such motion in writing, asking for a new trial of said action for specified reasons, was filed on the same day. Afterwards, at the November, 1900, term of said court, and on the 17th day of December, 1900, before disposing of said motion for a new trial, judgment was entered upon said verdict, in favor of the plaintiffs and against the defendants, for the sum of $2,250 damages and the costs of suit. Afterwards, in the same November, 1900, term of said court, on the 12th day of April, 1901, the court, upon hearing, entered an order setting aside and vacating said verdict and judgment, and granting a new trial of said cause. Afterwards, at the October, 1901, term of said court, on the 11th day of October, 1901, said cause was again tried, and a verdict rendered by the jury in favor of the plaintiffs for the sum of $800, upon which judgment was then entered in favor of the plaintiffs and against the defendants for that sum and the costs of suit.

Lionel C. Burr, Charles L. Burr, and E. E. Spencer, for plaintiffs in error.

Jesse L. Root (Matthew Gering, on the brief), for defendants in error.

Before SANBORN and THAYER, Circuit Judges, and LOCH-REN, District Judge.

LOCHREN, District Judge, after stating the case as above, delivered the opinion of the court.

That an order granting or refusing a new trial rests in the discretion of the trial court, and is not reviewable, has been the uniform holding of the federal courts. It is needless to cite authorities, but many will be found in 1 Desty, Fed. Proc. (9th Ed.) 661.

The argument that the decision of the motion for new trial came too late, because made after the term had ended at which the verdict was rendered, is not sound. A cause, and the parties to it, are before the court until the end of the term at which the final judgment of the court is entered; and the jurisdiction of the court over the cause and the parties continues after such term, if during the term a motion respecting the judgment is entertained or allowed, and held open for further consideration. "It is a general rule of the law that all judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court. But it is a rule, equally well established, that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them." Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 997. "Whatever parties are bound to take notice of at one term they must follow to the next, if they are not, in some appropriate form, dismissed from further attendance. In this case the motion to allow a reargument went over as unfinished business, and carried the parties with it. The proceeding was in all material respects like a motion for a new trial filed in time at one term and not disposed of until the next. Under such circumstances a judgment or decree, although entered in form, does not discharge the parties from their attendance in the cause. They must remain until all questions as to the finality of what has been done are settled. The motion when entertained prolongs the suit, and keeps the parties in court until it is passed upon and disposed of in the regular course of proceeding." Goddard v. Ordway, 101 U. S. 745, 751, 24 L. Ed. 237.

The November term is fixed by act of congress to begin on the second Monday of that month. In 1900 it began on November 12th. The order entered at the October term, permitting the motion for new trial to be filed by November 15th, and the fact that such motion was not disposed of at the October term, caused it to go over as unfinished business to the November term, carrying over the cause and the parties. Such would have been its effect had judgment been entered at the October term upon the verdict. But no judgment in the cause was entered at that term, and the cause necessarily, and irrespective of the pending motion for new trial, passed over to the November term for the entry of judgment, and any other action that might be taken in the case.

The order granting a new trial, as entered of record in this case, shows upon its face that it was made "at the November, A. D. 1900, term of said court, and on the 12th day of April, 1901." Counsel for plaintiffs in error argue that April 12, 1901, could not have been in the November, 1900, term because a term fixed by statute to be held at another place in the district on the third Monday in January would intervene. But, if the business of the November term made such course desirable, that term might have been continued to a date beyond the January term. This court will not presume that the circuit court has committed errors not made to appear, nor that it has falsified its records. The court having at the proper time allowed the motion for new trial to be filed, it would pass from term to term as unfinished business in the cause, until disposed of. It is unnecessary to consider the effect of plaintiffs' participation in the subsequent trials.

The judgment is affirmed.