PAYNE, Director General of Railroads, v. GARTH et al.

(Circuit Court of Appeals, Eighth Circuit. November 2, 1922.)

No. 5785.

1. **Appeal and error ⬅➡345(1)—Motion for new trial filed after term does not extend time for bringing error.**

Even consent of the parties and acceptance by the court, and consideration of a motion filed after the judgment term, is ineffective to toll the beginning of the period for suing out a writ of error, because the jurisdiction of the court over its judgments, unless carried over by action or motion within the term, ceases with the termination of the judgment term.

2. **Appeal and error ⬅➡345(1)—Motion for new trial, filed without court's knowledge, not aided by permitting second motion to be filed.**

A motion for a new trial filed at the judgment term, but of which the court had no knowledge until after the term had ended, was not aided by the action of the court in permitting a second motion to be filed after the judgment term, where the court had no intention or purpose thereby to affect the earlier motion in any way.

3. **New trial ⬅➡109—Judicial Code held to give right to file motion.**

Judicial Code, § 269 (Comp. St. § 1246), giving District Courts power to grant new trials after jury trials for reasons for which they have usually been granted in courts of law, gives the right to the consideration and determination of a motion for a new trial, which necessarily includes the filing of the motion.

4. **Courts ⬅➡107—Expressions in opinions to be interpreted in connection with circumstances and issues.**

Expressions in opinions must be interpreted in connection with the circumstances or facts and the issues concerning which they were uttered.

5. **Appeal and error ⬅➡345(1)—Filing of motion carries over judgment, if then or thereafter considered.**

The filing of a motion for a new trial during the judgment term is effective to carry the judgment over for writ of error purposes beyond the term, if the motion is, during the term or thereafter, considered or "entertained" by the trial court, especially as the statute (Judicial Code, § 269 (Comp. St. § 1246) gives the right of review by motion for new trial, and no action or inaction of the court can oust it of jurisdiction to entertain and determine the right so given.

6. **Courts ⬅➡81—Written rules preferable.**

While a rule of court does not have to be written, but may be established by long-continued usage, written rules are to be preferred, because their commencement, action, and meaning are most conveniently determined.

7. **New trial ⬅➡109—May by rule regulate procedure, but not deny right to move for a new trial.**

Trial courts may within certain limits enforce rules governing the filing of motions for new trial, but the rules must relate to procedural matters, and not go to the extent of clothing the court with power absolutely to deny the right, under reasonable regulations and requirements, to file such motion as permitted by statute (Judicial Code, § 269 [Comp. St. § 1246]).

8. **New trial ⬅➡109—Rule as to leave of court held void, if construed broadly, and not jurisdictional, if construed narrowly.**

If a rule of court requiring leave of court to file motion for new trial be construed broadly, it would violate Judicial Code, § 269 (Comp. St. § 1246), authorizing the granting of new trials, and, if construed narrowly, and treated as a mere regulation of practice, its violation was a mere

error of procedure, not affecting the court's jurisdiction to grant the motion.

9. **Carriers ☞230(8)—Erroneous to permit consideration of statute without sufficient evidence of violation.**

Where, in action against carrier for damages to cattle from delay in transportation, etc., the court charged that there was no sufficient evidence of a violation of the Twenty-Eight Hour Law (Comp. St. §§ 8651–8654), it was error to charge further that the jury could consider the requirements of such law in determining whether the carrier negligently kept the cattle in the cars for an undue length of time.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by Winston S. Garth and others against John Barton Payne, Director General of Railroads, Agent. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Wymer Dressler, of Omaha, Neb. (Robert D. Neely and Paul S. Topping, both of Omaha, Neb., on the brief), for plaintiff in error.

Alfred G. Ellick, of Omaha, Neb. (Hird Stryker, Francis A. Brogan, and Anan Raymond, all of Omaha, Neb., on the brief), for defendants in error.

Before HOOK and STONE, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge. From a judgment favoring plaintiffs in an action to recover damages to a shipment of cattle because of negligent lack of care en route and delay, defendant has sued this writ of error.

Defendants in error present a motion to dismiss the writ because not filed within six months of the entry of judgment. Determination of the motion depends upon the effect of a motion for new trial filed in the case. Under the practice in Nebraska, judgment is entered following the verdict, so that motions for new trial are filed after the entry of judgment. The September term, 1919, expired April 3, 1920. During this term, November 8, judgment was entered. January 2, 1920, plaintiff in error presented his motion for new trial for filing. At that time and for several years prior thereto, there was a, so-called, rule of court requiring leave of court to file motions for new trial. At that time and for some time thereafter, the judge was absent from the state on official business. When first presented, filing of the motion was refused by the clerk because of the above rule. However, upon insistence of counsel, it was filed on the above date. The court, apparently, had no knowledge that such motion had been filed, until after the term had ended. During the April, 1920, term, April 29, 1920, application was made for leave to file a motion for new trial which was granted and the earlier motion was refiled. Defendants in error filed a motion to strike these motions for new trial. The court denied the motion to strike. In denying this motion the court expressly disclaimed any intention to relax or suspend the above rule in this particular case, saying:

"The court does not intend by this order to abrogate in any way the standing order of this court concerning the filing of motions for new trial if the

same is not abrogated by the statutes of the United States, but finds that said order is contrary to section 1246 of the Compiled Statutes of the United States for the year 1916."

The section intended is 269 of the Judicial Code (Comp. St. § 1246), which is as follows:

"All of the said courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law."

The point presented by the motion to dismiss is jurisdictional. There is no dispute between counsel as to the proposition that a motion for new trial, filed during the judgment term, may toll the beginning of the six-month period for suing out a writ of error to the time when that motion is determined, even though such determination be in a subsequent term. However, defendants in error insist that such motion has no such effect unless it is "entertained" (recognized in some manner) by the court during the judgment term. They also urge that the court rule is valid and applicable and that the filing, within the judgment term, was in violation of this rule.

[1-3] We will consider the first of the above contentions of the defendants in error. This consideration will be irrespective of the effect of any court rule—that matter being reserved for subsequent discussion. We eliminate from consideration the second motion for new trial because it was filed after the judgment term and the court had then lost all power to permit it to be then filed. Even consent of parties and acceptance by the court and consideration of a motion filed after the term is ineffective because the jurisdiction of a court over its judgments, unless carried over by action or motion within the term, ceases with the termination of the judgment term. U. S. v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129. There is no dispute that the first motion for new trial was filed during the judgment term. In the order overruling the motion to strike, the court, in speaking of this first motion for new trial, said:

"Said motion for new trial was not called to the attention of the court during said September, 1919, term, nor was said motion in any way considered, entertained, or recognized by the court during the said September, 1919, term and no order was made by the court during said term in respect thereto."

Further, no aid can, in this respect, be gained by the action of the court in permitting the second motion (a duplicate of the first) to be filed. This is true because the court had no intention or purpose to affect the earlier motion in any way. He says:

"At the time of this application no reference was made by defendant to the motion previously filed."

It is, therefore, clear that the court took no action whatsoever concerning this motion during the judgment term. It is the contention of defendants in error that, in order to carry the motion over the term, it was necessary that the court "affirmatively recognizes the motion during the trial term by some action indicating willingness to consider it." It bases this contention upon expressions in several Supreme Court decisions to the effect that, to carry such motions over, they

must be "filed *and entertained*" during the judgment term. The cases so relied on are Brockett v. Brockett, 2 How. 238, 11 L. Ed. 251; Cambuston v. U. S., 95 U. S. 285, 287, 24 L. Ed. 448; Texas & Pacific Ry. Co. v. Murphy, 111 U. S. 488, 4 Sup. Ct. 497, 28 L. Ed. 492; Voorhees v. Noye Mfg. Co., 151 U. S. 135, 14 Sup. Ct. 295, 38 L. Ed. 101; Aspen M. & S. Co. v. Billings, 150 U. S. 31, 36, 14 Sup. Ct. 4, 37 L. Ed. 986; Kingman v. Western Mfg. Co., 170 U. S. 675, 678, 18 Sup. Ct. 786, 42 L. Ed. 1192. He also cites Linder v. Lewis (D. C.) 1 Fed. 378; In re Worcester County, 102 Fed. 808, 42 C. C. A. 637; Klein v. Southern Pacific Co. (C. C.) 140 Fed. 213, and two cases from this court, Walker v. Moser, 117 Fed. 230, 54 C. C. A. 262, and Sanborn v. Bay, 194 Fed. 37, 42, 114 C. C. A. 57. Many of these cases contain the expression that (to toll the time for suing out error beyond the judgment term) the motion for new trial must be "filed and entertained." The same is true of other cases, not cited, including Cherokee Nation v. Whitmire, 223 U. S. 108, 111, 32 Sup. Ct. 200, 56 L. Ed. 370, and U. S. v. Ellicott, 223 U. S. 524, 539, 32 Sup. Ct. 334, 56 L. Ed. 535. From such expressions in these cases, defendants in error reach the rather natural conclusion that something beyond the mere filing, during the trial term, of the motion was necessary. Otherwise, why the continued reiteration of the expression "and entertained"? They urge, therefore, that "entertained" must have a meaning and that the only logical or possible meaning is that "entertained" means some affirmative recognition of the motion during the judgment term. The argument is plausible and would be readily convincing if it were not for the statute above quoted. This statute unquestionably gives a right, in jury cases, to the consideration and determination of a motion for new trial. Necessarily, this right includes the filing of the motion. When the motion is filed, the litigant can do nothing more except to present it when the court is pleased to hear it. The litigant has no control over the action of the court toward the motion. He cannot compel the court to act affirmatively concerning it or to recognize it during the judgment term. Can he, then, be denied all benefit of the right given by Congress because the court fails or refuses to take such action? Can a court thus annul a valid statute affecting vitally the rights of litigants? Yet, if defendants in error be right in their argument and contention, this result may follow and would do so in this case.

[4] It is this situation which impairs the position of defendants in error and requires examination of the authorities to ascertain what they mean. Expressions, in opinions, as elsewhere, must be interpreted in connection with the circumstances or facts and the issues concerning which they were uttered.

Brockett v. Brockett, supra, was an equity case in which, a few days after a decree had been entered, a petition was filed to open the decree for certain purposes. The court referred this petition to a master who reported thereon within a short time. The court considered the report and refused to open the decree. All of the above actions occurred during the term at which the decree was entered. From the refusal to open the decree as well as from the decree itself an appeal was taken.

The point presented to the Supreme Court was that the appeal could not operate as a supersedeas because, to have such effect, it should be made and the bond given within ten days after the final decree and that the final decree was of the date of its entry, for this purpose. The entire expression of the court thereon was:

"But the short and conclusive answer to this objection is, that the final decree of the 10th of May was suspended by the subsequent action of the court; and it did not take effect until the 9th of June, and that the appeal was duly taken and the appeal bond given within ten days from this last period."

There can be no doubt of the complete control of the court over its decrees and judgments, during the term at which such are entered. The sole matter before the court was whether consideration of a petition to open the decree suspended the date (for appeal and supersedeas purposes) of the decree until that petition had been determined. That is different from the question here presented of whether timely filing of a motion for new trial suspends a judgment beyond the judgment term.

Cambuston v. U. S., supra, was an equity case in which the motion for rehearing was not filed until more than 15 years after end of the term at which the decree had been entered. After discussing the policy of Congress to restrict the time for filing motions for new trial, as shown by the above quoted and other statutes, the court said:

"In suits in equity the practice is even more strict. Equity rule 88 provides that, in cases where an appeal lies to this court, no rehearing shall be granted after the term at which the final decree shall have been entered and recorded."

In this case the motion for rehearing was filed, heard and denied upon the same day. The matter there decided went no further than that the motion was filed too late.

Texas & Pacific Ry. Co. v. Murphy, supra, was a writ of error to the Supreme Court of Texas. Judgment had been entered by that court on May 29, 1883. Motion for rehearing filed thereafter. This motion heard and overruled on December 21, 1883. Writ of error January 3, 1884. In the absence of evidence, the court presumed timely filing of the motion. The only things mentioned by the court or shown in the opinion to have been done concerning the motion was that it was heard and overruled on December 21, 1883. It was held to suspend the judgment for purposes of appellate review.

Aspen Mining & Smelting Co. v. Billings, supra, was an appeal from entry of decree by the Circuit Court on a mandate from the Court of Appeals. The question was jurisdictional as to whether the appeal to the Court of Appeals, upon which the mandate issued, had been taken in time. There the motion for rehearing had been filed during the October, 1890, term in which the decree was entered; the hearing and submission was in the following November term and the determination thereof in the following May, 1891, term. In this opinion appears the strongest expression we have seen favoring defendants in error's contention. The court, in construing equity rule 88 as applying only where no petition for rehearing was filed during the decree term, said:

"The decree does not in legal effect remain final while the petition is pending, and the prescription of rule 88 must be construed to mean that a rehearing cannot be granted after the lapse of the term unless application is made therefor during the term, and being entertained, the decree is thereby prevented from passing beyond the control of the court. The entertaining of the petition keeps the jurisdiction alive, and the granting of the rehearing may be made absolute, or denied thereafter, as the court may determine."

The paragraph next following is:

"But it is said this cannot be the result, under either statute or rule, of the mere filing of a motion or petition for rehearing, and that it does not affirmatively appear in this case that the motion or petition was entertained by the court. But we should be inclined to hold, if a decision in that regard were called for, that, since the application was passed upon as having been duly made, the presumption must be indulged that it was entertained by the court in the first instance and during the term at which the decree was pronounced."

A study of the case and of the above quoted language shows that the question there presented was not whether some action on the petition by the trial court during the decree term was essential, but whether such action must affirmatively appear in the record. The court declined to decide even this question but intimated that "if a decision in that regard were called for" it would, because "the application was passed upon as having been duly made," presume such action.

In Voorhees v. Noye Mfg. Co., supra, the question was whether the decree had become final at its entry or not until a motion for rehearing had been determined. The motion was filed with leave during the decree term, heard at a later term and disposed of during a yet later term. No question was made or considered concerning the sufficiency of this motion nor the action of the trial court thereon.

In Kingman v. Western Mfg. Co., supra, motion for new trial was filed during judgment term, thereafter heard and determined at a subsequent term. This court sustained a motion to dismiss the writ of error because it was sued out more than 6 months after judgment (although within six months of ruling on the motion for new trial). On certiorari, the Supreme Court reversed the court of appeals, holding that the writ was within time. The court (170 U. S. 678, 18 Sup. Ct. 787, 42 L. Ed. 1192) said:

"No leave to file it was required, and as it was entertained by the court, argued by counsel without objection, and passed upon, it must be presumed that it was regularly and properly made. This being so, the case falls within the rule that if a motion or a petition for rehearing is made or presented in season and entertained by the court, the time limited for a writ of error or appeal does not begin to run until the motion or petition is disposed of. Until then the judgment or decree does not take final effect for the purposes of the writ of error or appeal."

Further in the opinion the court said:

"Unquestionably it is the general rule that after the expiration of the term all final judgments, decrees or other final orders of the court thereat rendered and entered of record, pass beyond its control unless steps be taken during that term by motion or otherwise, to set aside, modify or correct them. Hickman v. Ft. Scott, 141 U. S. 415. But this motion for new trial was filed in due course and in apt time during the term at which the verdict was returned and judgment rendered, and this being so, the case came within the exception."

Plaintiff in error has filed here certified statement of the clerk as to what was done in the Kingman Case. That statement reveals that no recognition of or action concerning the motion was taken by the trial court, in that case, during the judgment term.

Linder v. Lewis, supra, and Klein v. S. Pac. Co., supra, were at the district.

In re Worcester County, supra, was in the Court of Appeals for the First Circuit. It involved a rehearing in a bankruptcy hearing. The petition for rehearing was filed at the same term as the order sought to be reviewed and was determined at a subsequent term. The court (102 Fed. 810, 42 C. C. A. 639) said:

"Inasmuch as the petition was filed during the June term, and was not stricken out, but was heard and its merits acted on at the September term, it must be accepted that the petition was filed at the June term with the consent of the court, and that the court thus held its control over the proceeding. In Andrews v. Thum, 12 C. C. A. 77, 64 Fed. 149, decided by this court, the facts were as follows: A petition, which we held to be, in substance, a petition for a rehearing, was seasonably filed in an equity cause at the October term of the Circuit Court for the District of Massachusetts. There was nothing in the case to show that the petition was brought to the attention of that court until the succeeding May term, when it heard it on its merits and denied it. We held that the proceeding was effective, and that the time for appeal did not begin to run until the petition was denied. This decision was cited, without disapproval, in Kingman & Co. v. Western Mfg. Co., 170 U. S. 675, 679, 18 Sup. Ct. 786, 42 L. Ed. 1192."

In Sanborn v. Bay, supra, this court held that a motion for new trial which was filed, heard and determined during the judgment term suspended the judgment.

In Walker v. Moser, supra, this court, verdict was rendered at the October, 1900, term and an order giving leave to file a motion for new trial by a given date in the following term. At the following term judgment was entered and motion for new trial overruled.

On this motion to dismiss, plaintiff in error cites several of the above cases relied upon by defendants in error and in addition, Rutherford v. Ins. Co. (C. C.) 1 Fed. 456; Brown v. Evans (C. C.) 18 Fed. 56; Altenberg v. Grant, 83 Fed. 980, 28 C. C. A. 244 and Ky. C. T. O. & L. Co. v. Howes, 153 Fed. 163, 82 C. C. A. 337. The first two of these cases were at the Circuit (now District).

Altenberg v. Grant, supra, was before the Court of Appeals of the Sixth Circuit, Judges Taft and Lurton sitting, with opinion by Judge (now Chief Justice) Taft. Motion for new trial was filed during the judgment term and disposed of during the following term. There is no statement as to any action being taken by the court in connection with the motion except the determination thereof at the succeeding term. It is not clear that action by the trial court on the motion during the judgment term was discussed or considered. The court (83 Fed. 981, 28 C. C. A. 245) said:

"It is certainly the understanding of the bar that, until the motion for a new trial has been disposed of, the judgment is not ripe for review; and it is the duty of this court, so far as the authorities will permit, to avoid a construction of the rules and statutes governing writs of error and appeals which would be a surprise to practitioners and effect undeserved hardships. We think the decisions of the Supreme Court justify us in holding that a mo-

tion for a new trial like a petition for rehearing filed during the term in which the judgment is rendered postpones the running of the period of limitation until the motion is disposed of. Memphis v. Brown, 94 U. S. 715, 717; Railway Co. v. Murphy, 111 U. S. 488, 4 Sup. Ct. 497; Brockett v. Brockett, 2 How. 238; Slaughter-House Cases, 10 Wall. 289."

Kentucky C. T. O. & L. Co. v. Howes, supra, was before the same court, opinion by Judge (afterwards Justice) Lurton. One of the points discussed was the effect of a motion for new trial on the time within which a writ of error might be sued out. Apparently the validity of the motion was not questioned. The court (153 Fed. 163, 82 C. C. A. 337) said:

"This motion, having been seasonably entered, prevented the judgment from becoming final until disposed of. In re McCall, 145 Fed. 898, 76 C. C. A. 430; Aspen Mining Co. v. Billings, 150 U. S. 31, 14 Sup. Ct. 4, 37 L. Ed. 986."

At page 164 of 153 Fed., at page 338 of 82 C. C. A., the court said:

"A pending application for a rehearing in an equity cause, or a new trial in an action at law, does suspend the time within which an appeal may be 'taken' or a writ of error 'brought' because neither the decree nor the judgment can be final until the motion is disposed of, and the time limit does not begin to run until the decree or judgment is final."

To the above cases, cited by counsel for the parties hereto, may be added the following: Slaughter-House Cases, 10 Wall. 273, 289, 19 L. Ed. 915; Cherokee Nation v. Whitmire, 223 U. S. 108, 32 Sup. Ct. 200, 56 L. Ed. 370; U. S. v. Ellicott, 223 U. S. 524, 539, 32 Sup. Ct. 334, 56 L. Ed. 535; and U. S. v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129.

In the Slaughter-House Cases, supra, it does not appear what, if any, action was taken by the trial court on petitions for rehearing seasonably filed, except that they were disposed of.

In Cherokee Nation v. Whitmire, supra, the motion for new trial was seasonably filed. Apparently there was no court action except to overrule the motion. The determination of the motion was more than ninety days after the decree. The court (223 U. S. 111, 32 Sup. Ct. 202, 56 L. Ed. 370) said:

"This court has decided that if a motion for new trial or petition for rehearing is made in season and entertained by the court, the time for taking an appeal or writ of error does not begin to run until the motion or petition is disposed of. Kingman v. Western Manufacturing Co., 170 U. S. 675."

In U. S. v. Ellicott, supra, a motion for new trial was filed within 90 days after decree but not determined until much after the 90 days. Apparently no action regarding the motion beyond disposition of it. The motion to dismiss was denied, the court (223 U. S. 539, 32 Sup. Ct. 337, 56 L. Ed. 535) saying:

"The general rule governing the subject of prosecuting error or taking appeals from final judgments or decrees is, we think, applicable to judgments or decrees of the Court of Claims, and that rule treats a judgment or decree properly entered in the cause as not final for the purposes of appeal until a motion for a new trial or a petition for rehearing, as the case may be, when entertained by the court, has been disposed of; and the time for appeal begins to run from the date of such disposition. Kingman v. Western Manufacturing Company, 170 U. S. 675, 680, 681. It is, we think, also manifest that the ap-

peal was taken upon the hypothesis just stated that the judgment entered did not become a final judgment for the purposes of appeal until the motion for a new trial had been disposed of. Texas & Pacific Railway Company v. Murphy, 111 U. S. 488." .

In U. S. v. Mayer, supra, the point involved was the jurisdiction of the trial court to entertain a motion to set aside judgment of conviction, filed subsequent to the judgment term, based on matters not discovered or discoverable during that term. In considering that point the court (235 U. S. 69, 35 Sup. Ct. 20, 59 L. Ed. 129) said:

"In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial (Judicial Code, § 269)—an application which is addressed to the sound discretion of the trial court, and, in accordance with the established principles which have been repeatedly set forth in the decisions of this court above cited, cannot be *entertained*, in the absence of a different statutory rule, after the expiration of the term at which the judgment was entered."

[5] We have endeavored above to collect the cases in the appellate courts of the United States which have used the expression "entertained" in connection with motions for new trial, and to consider the facts and issues of those cases with a view of ascertaining what had been determined therein with respect to action by the trial court, on such a motion, during the judgment term. We are forced to the conclusion that in only one of the cases (Aspen Mining & Smelting Co. v. Billings, supra) has this precise point been presented to the court. Decision on that point was, however, expressly avoided there. In several other of the above cases, the facts before the court are not sufficiently stated in the opinion for us to gauge the proper effect of the language used. There is, however, the case of Kingman v. Western Mfg. Co., supra, where we are aided in understanding the opinion of the Supreme Court by the certified record of the trial court therein. That record shows no action by the trial court, at the judgment term, concerning the motion for new trial. We must accept this case as authority for the conclusion that the filing of a motion for new trial, within the judgment term, is effective to carry that judgment over, for writ of error purposes, beyond that term, if the motion is at any time, during that term or thereafter, considered—"entertained"—by the trial court. This conclusion is fortified by the further considerations that the statute gives a right of review, through the medium of motion for new trial, by the trial court of a judgment in a jury case; that no action or inaction of the trial court can oust it of jurisdiction to entertain and determine this right given to litigants; that the litigant has no means of compelling action, within the judgment term, upon such motion.

[6] We next consider the effect of the so-called rule requiring leave of court to file motions for new trial. It appears, from the statement of the trial judge, that this rule was "promulgated by oral instructions from the court to the clerk" and, we infer, had never been formally entered on the court records, printed or otherwise issued to the bar. It has been held that a rule of court does not have to be written but may be established by long continued usage. Fullerton v. Bank of

United States, 1 Pet. 604, 7 L. Ed. 280; Detroit Heating, etc., Co. v. Kemp (D. C.) 182 Fed. 848; Valarino v. Thompson, 28 Fed. Cas. 867; U. S. v. Douglass, Fed. Cas. No. 14,989; Citizens' Bank v. Farwell, 56 Fed. 574, 6 C. C. A. 24; 6 Standard Encyc. of Proc. 63; 7 R. C. L. 1026; 15 C. J. 907. The record holds no information as to the publicity given this verbal instruction to the clerk. Nor are we advised as to the length of time it has been in force, except for the statement in an affidavit of the clerk, that it has been in force "for several years" prior to the filing of this motion for new trial. We find it unnecessary to decide whether or not the time or circumstances justify this verbal instruction being treated as a rule of court, but we wish to emphasize what was said, in Fullerton v. Bank of U. S., supra, 1 Pet. 612, 7 L. Ed. 280, that:

"Written rules are unquestionably to be preferred, because their commencement, and their action, and their meaning, are most conveniently determined."

Conceding for the purposes of this case, but not deciding, that this verbal instruction is to be given the full force of a rule of the trial court, we turn to consider its effect upon this motion.

[7, 8] We have no doubt that trial courts may, within certain limits, enforce rules governing filing of motions for new trial. One of those limits is that such rule must relate to procedural matters and not go to the extent of clothing the court with power absolutely to deny effectively the right, under reasonable regulations and requirements, to file such motion. Otherwise the rule might be used to nullify the statute giving the right to file such motions. If this rule is to be construed as broadly as the general language used by the trial court in stating it, it would violate the statute, as the trial court found, and its disregard would have no effect upon the motion actually filed in time. If it is to have a more narrow construction, and be treated as a mere regulation of practice, then, as said in Abbott v. Brown, 241 U. S. 606, at 609, 36 Sup. Ct. 689, 691 (60 L. Ed. 1199) "a breach of it would be, at the utmost, a mere error of procedure, not affecting the jurisdiction." We conclude, therefore, that this, so-called, rule had no jurisdictional effect upon this motion for new trial. The motion to dismiss is denied.

We will next consider the merits of the writ of error.

[9] The petition, as amended, alleged that the damage was caused by unloading pens, en route, which provided insufficient space and opportunity for keeping different classes of cattle separate; which furnished insufficient water and which were so muddy that the cattle could not be adequately fed or rested; and by delay in transportation, in violation of the Twenty-Eight Hour Law (Comp. St. §§ 8651–8654), which resulted in great shrinkage of the cattle. Plaintiff in error has urged many grounds for reversal. Most of these have to do with the sufficiency of the evidence. One has to do with a claimed error in the charge. We are agreed that the instruction is subject to the attack made thereon. That part of the instruction permits the jury to consider the Twenty-Eight Hour Law in connection with the negligent delay of the cattle after the court had expressly charged the jury that there was not sufficient evidence of a departure from that law in the

carriage of the cattle. The portions of the charge in question are as follows:

"That said cattle were reloaded into cars at about 12 o'clock noon on May 26, 1918, and the defendant undertook to transport them at that time from Superior to Long Pine, Nebraska, and plaintiffs allege that a reasonable time for the transportation of said cattle from Superior to Long Pine would be 24 hours. Of course they haven't established that allegation that a reasonable time would be 24 hours. They say that the defendant negligently and carelessly and unlawfully, and in violation of the laws of the United States, failed and neglected to transport said cattle with reasonable dispatch and within 28 hours.

"Now, as to that claim of the plaintiff, that the cattle were not transported in 28 hours between those points, your attention is called to the fact that the law of the United States does prohibit railroad companies from keeping cattle confined in the cars without unloading for water, feed and rest for a longer period than 28 hours. But there is an exception in the law, that if the party accompanying the cattle, or the owner, signs a written release, as it is called, to the railroad company, they may be confined for a period not to exceed 36 hours, on the faith of that release. In this case it appears from the plaintiffs' testimony that a release of that kind was signed. Plaintiff says that it was signed under such conditions that it was not really binding on plaintiff, but he does not show that this particular company, the Northwestern Railroad Company, was apprised of any such conditions directly, and the evidence does show that the Northwestern Company was informed that there was a release signed.

"Now, under those circumstances, under the law, the plaintiff cannot base his action here as upon a violation of that particular twenty-eight hour law, as it is called. There are not sufficient of those circumstances laid before us to show that the railroad company violated that law, which is practically a criminal law, and that evidence is not sufficient. Therefore you will only regard and have in mind that law, which has been read to you here by counsel, in its substance—you will bear that law in mind only as it might relate to the real questions involved in the case. You do not proceed and find that the railroad company was guilty of a criminal violation and base any verdict on that conclusion under the circumstances in this case.

"But the plaintiffs claim further—and this is the claim upon which you will decide their case: Plaintiffs claim that the defendant negligently and carelessly delayed said shipment so that it occupied a period of 32 hours, and said cattle arrived at Long Pine about 3 p. m. on May 27, 1918; that a part of said delay was caused by the failure of the defendant to have an engine available at Fremont, Nebraska."

"You are instructed that the charge of negligence contained in plaintiffs' petition, that the defendant unlawfully confined the animals on the cars in violation of the federal law has not been proved, and the same is withdrawn from your consideration."

"Mr. Ellick: Plaintiff excepts to the instruction of the court to the jury, that they must not take into consideration, in determining negligence on the part of the company, the action of the railroad company in confining these cattle in cars for more than 28 hours on the trip between Superior, Nebraska, and Long Pine, Nebraska.

"The Court: Well, what ought to be the instruction on that 28 hour law? I told them that the action could not be maintained upon a technical violation of the Twenty-Eight Hour Law, but the law is here before them. The requirement of not holding them more than 28 hours except where a release is given is also called to their attention.

"(Speaking to the jury:) And the law will be taken into consideration in determining whether or not they were negligent in confining them a longer period than, in the exercise of reasonable diligence, they should have done.

"The Court (to Mr. Ellick, counsel for plaintiffs): You say I should say that a violation of the act should itself be proof of negligence in that particular?

"Mr. Ellick: No; I mean to request that the court tell the jury that they are entitled to take into consideration the action of the company in that regard, in determining whether or not there was negligence on the part of the company.

"The Court: Well, I do that; I tell them that they shall take that into consideration."

The situation created by the above extracts from the charge was that the court told the jury that the plaintiffs claimed damages because of negligent conduct in violating the haulage time under the Twenty-Eight Hour Law; that there was not sufficient evidence of such violation, but that it could consider the requirements of the law in determining whether the defendant had negligently kept the cattle on the cars for an undue length of time. The effect of this charge was to take that portion of the Twenty-Eight Hour Law out of the case and then to put it back with emphasis. This we think was clearly prejudicial error for which the judgment should be and is reversed and the case remanded for retrial.

Judge HOOK, who died before the preparation of this opinion, agreed to the above determination of the writ of error for the reasons given in the above opinion.

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes