### RACHMIL v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 13, 1923.)

#### No. 154.

1. **Criminal law ⬤586, 1151—Motion for continuance addressed to discretion of court.**

    A motion for continuance is addressed largely to the discretion of the court, and unless that discretion is abused there is no error in the ruling thereon.

2. **Criminal law ⬤593—Denial of continuance because of absence of counsel held not error.**

    Refusal of a continuance, asked because of absence of defendants' counsel *held* not a denial of their constitutional rights, nor reversible error, where they were given opportunity to employ other counsel, and the court offered to appoint counsel for them.

3. **Criminal law ⬤508(9)—Conviction may be had on testimony of accomplice.**

    A conviction is sustainable on the testimony of an accomplice.

4. **Criminal law ⬤780(1)—Failure to instruct as to testimony of accomplice not error.**

    While it is usual and good practice to caution a jury to weigh carefully the testimony of an alleged accomplice, failure to do so is not reversible error, particularly when no such instruction is requested.

5. **Criminal law ⬤977(3)—Sentence imposed at term succeeding trial held valid.**

    Where a judge of another district, sitting by designation, presided at the trial of a case, the judgment is not invalid because it was not entered and sentence imposed until a succeeding term, when he returned to the district and disposed of a motion for new trial.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Courts ⟨⟩68—May finish business commenced at preceding term.** ·
    A court has power to finish at a succeeding term business commenced at a previous term.

In Error to the District Court of the United States for the Southern District of New York.

Criminal prosecution by the United States against Morris S. Rachmil. Judgment of conviction, and defendant brings error. Affirmed.

Certiorari denied 43 Sup. Ct. 700, 67 L. Ed. ——.

See, also, 270 Fed. 869.

Defendant was convicted of the crime of a violation of section 253 of the Act of February 24, 1919 (40 Stat. 1057 [Comp. St. Ann. Supp. 1919, § 6336⅛v]) and section 37 of the United States Criminal Code (Comp. St. § 10201).

Fallon & McGee and William J. Fallon, all of New York City, for plaintiff in error.

William Hayward, U. S. Atty., of New York City (Maxwell S. Mattuck, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error and one A. Lincoln Samuelson were partners doing business under the name and style of Sterling Audit & Accounting Company. They were employed by the Rottman Trucking Company, a New York corporation, to care for their books on a monthly retainer basis. In 1918 they prepared for filing the federal income tax report for this corporation. On the trial there was evidence to show that the trucking company's gross income was $42,495.22. It was shown that in the early part of 1919 the plaintiff in error told George Rottman, who was practically the sole owner of the stock of the Rottman Trucking Company, that the company would have to pay a tax to the government for the calendar year of 1918, amounting to $5,000. Plaintiff in error promised to save the company this tax if he were paid $1,000 for it, and finally a price of $400 was agreed upon. Thereupon plaintiff in error prepared the accounting showing a net income of $741.22 upon which no tax would be payable. The difference between the real and reported income of the trucking company, the plaintiff in error was able to cover up by understating on the return the gross income of the company. It was reported that the gross income was $34,853.80.

There are two indictments, each containing two counts, and these were consolidated at the trial. The first indictment charged willfully attempting to defeat and avoid the income tax by preparing and filing a false return, and the second count willfully attempting to avoid the excess profits and war profits taxes, by preparing and causing to be prepared a false return in violation of section 253 of the Act of February 24, 1919 (40 Stat. 1057 [Comp. St. Ann. Supp. 1919, § 6336⅛v]). The second indictment charged a conspiracy to defraud the United States out of $2,000, income and profits tax for the year

1919, and the second count a conspiracy to willfully attempt to defeat the Revenue Act of 1918 by avoiding the payment of this income and profits taxes in the sum of $2,000.

We think the evidence as here recited in substance required the submission of the question of guilt to the jury. Plaintiff in error was convicted and his codefendant was acquitted.

The plaintiff in error contends that error was committed in his having been deprived of the assistance of counsel he employed at the trial. The indictment was filed September 20, 1920, and his case was set for trial at various times between that date and January 17, 1921, when, on this latter date, it was peremptorily ordered to be tried. On that date, for various reasons, including the illness of counsel, and the fact that the court was engaged in the trial of other cases, the case was set for trial for February 7, 1921, on which day the plaintiff in error's counsel was engaged in the state Supreme Court, and, owing to the many delays, as stated in the opinion of the District Judge, he was ordered to proceed to trial. A jury was selected and sworn, and the case adjourned until the following morning. The defendants were notified that they must be then prepared to go on with the trial, and must secure other counsel if Mr. Fallon was unable to be present. The court requested a member of the bar, who was present in the courtroom, to represent the defendants and assist in impaneling the jury. The defendants then stated, in substance, that they did not want any attorney unless they could have Mr. Fallon and proceeded to examine the jurors and challenged such as were unsatisfactory. The next day the plaintiff in error appeared without counsel, and at the request of the government's counsel the court instructed the defendants of their right to have counsel assigned to represent them. At this juncture there was a substantial reargument of all that had transpired on the preceding days, including the reasons given for the failure to reach the trial before this date. Whereupon the court ordered the case to proceed and said:

"In view of the history of the proceedings as they have been stated, I am of the same opinion that I was yesterday, particularly in reference to the peremptory action heretofore taken by the court with reference to this case, that the case should not be further continued, but that the trial should proceed; and it is so ordered. Counsel for the defendants are informed they have the right, if they desire, to have the court appoint counsel to defend them, if they are not able to employ counsel, or do not have other counsel to defend them. But under the circumstances of the case the case will have to proceed."

Whereupon it did proceed and the defendants' defense was conducted by them in person, particularly by the codefendant who was acquitted. The witnesses were cross-examined and legal motions were made, which indicated that the defendants had been well advised as to their legal rights.

[1, 2] An application for a continuance in a criminal case is a matter which is left largely to the discretion of the trial judge; unless there is a plain abuse of that discretion no error is committed. Particularly is this the case where the defendants have had opportunity to employ other counsel. The Constitution provides that a prisoner shall have

the assistance of counsel and this was inserted for the purpose of abrogating the common-law practice under which prisoners accused of felony were denied such right, and to restrain the Legislature from denying it by statute. State v. Yoes, 67 W. Va. 546, 68 S. E. 181, 140 Am. St. Rep. 978. The prisoner may obtain the protection of the court in the selection, or he may choose his own counsel, or he may rely upon his own skill and ability, saying in effect that he does not desire the assistance of counsel. There can be no invasion of his guaranty under the Constitution, unless a request for the assistance of counsel appears by the record to have been denied by the court. State of New Jersey v. Raney, 63 N. J. Law, 363, 43 Atl. 677; Cooley on Constitutional Limitations, 474, 475. The plaintiff in error here saw fit to act in person and met with disaster. We find nothing, however, which would indicate a denial of his constitutional protection at his trial.

[3, 4] It is claimed that error was committed because of an alleged failure by the trial justice to properly instruct the jury as to the testimony of Rottman, alleged to have been an accomplice. A conviction is sustainable upon the testimony of an accomplice. Caminetti v. United States, 242 U. S. 470, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168. While it is usual, and the part of good practice, to caution a jury to weigh carefully the testimony of an accomplice, failure to do so is not reversible error. Caminetti v. United States, supra; Holmgren v. United States, 217 U. S. 509, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778. Particularly is this true where there was no specific request to instruct the jury as to such testimony, or where there is a failure to otherwise call the court's attention to this principle. It appears from the record that there were other facts, corroborating the statements of the accomplice, which fully justified and sustained the verdict against the plaintiff in error.

[5, 6] The District Judge who presided at this trial, after the verdict of conviction, returned to his own district (the Western district of Pennsylvania), and later returned to the Southern district of New York before the entry of the judgment. This became necessary because of the delay between the motion of the defendants to set aside the verdict, the submission of briefs, and the study of the case by the trial judge. When he returned, he imposed sentence. The imposition of such sentence was the completion of unfinished business which arose during the term for which he was assigned to sit in the Southern district of New York. The prosecution was not complete until the entry of the judgment. The court has the power to finish at a succeeding term the business begun at a previous term. Walker v. Moser, 117 Fed. 230, 54 C. C. A. 262. A District Judge who tried the case is compelled to impose sentence after the jury's verdict finding guilt. Ex parte U. S., 242 U. S. 27, 37 Sup. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. The court does not lose jurisdiction of the case in the meantime. Miner v. United States, 244 Fed. 422, 157 C. C. A. 48, 3 A. L. R. 995.

No error appearing, the judgment of conviction is affirmed.